## Mann v. Buford.

1. An attorney who has money belonging to a defendant in execution, is subject to be garnisheed, although the money in his hands has been collected by suit.
2. When the answer of a garnishee states facts, from which an indebtedness to the defendent in the execution must be inferred, and that for a specific sum, a judgment may be rendered against him, although his answer contains no distinct admission of indebtedness.

Writ of error to the Circuit Court of Barbour county.

THE defendant was garnisheed as a debtor of one Robert F. Lanier, against whom the plaintiff had previously obtained a judgment, as there is reason to infer from the record; but this judgment is not set out. The garnishee was served with process, appeared and answered as follows: That he, or one Hansford, his partner in the practice of law, since deceased, received for collection, (from whom he knew not, but supposes it was from the defendant in execution, as the note was sued in his name) one note, made by William J. Grimes, payable to J. W. Mann, due December 25th 1835, for four hundred dollars, with a credit thereon of two hundred dollars, dated 11th April, 1836. Suit was brought on the said note in the Circuit Court, and judgment thereon for the sum of two hundred and seventeen dollars and fifty cents, was obtained at the September term, 1836. In April, 1837, the garnishee, as attorney, collected on said

judgment of debt and interest, the sum of two hundred and twenty-two 78-100 dollars; out of which the garnishee claims to retain eleven 13-100 dollars for commissions, and so in respect of the said collection garnishee owes the said Lanier, (if said note, in fact, was received of him for collection, and which garnishee does not know certainly, and only infers from the fact of suit being brought in his name) the balance, to wit, two hundred and eleven 65-100 dollars, which was collected and still held in his, garnishee's said capacity of an attorney of this Court. Besides this, garnishee never owed said defendant in execution, &c.

On this answer, the Circuit Court rendered judgment that the garnishee should go hence and be discharged. The reason for this judgment is stated to be, that attornies are not liable for money collected by them in that capacity.

To reverse this judgment, the plaintiff prosecutes his writ of error, and joins both the garnishee and the defendant in execution, as defendants.

HARRIS, for the plaintiff in error.

BUFORD, *pro se.*

GOLDTHWAITE, J.—1. An attorney is not exempt from garnishee process, in consequence of the connexion which exists between him and the courts of law. He is not an officer of the law, although the courts frequently exercise a summary control over him, but this is only for the advancement of justice, by compelling the performance of well known duties to his clients, who are suitors in the courts. For every other purpose, he is the mere agent for his client and when he also becomes his debtor, he may be garnisheed, as any other person.

2. It is supposed, in the argument which the garnishee has submitted, that the admission of indebtedness, contained in this answer, is not sufficiently distinct to authorise any judgment. It is certainly settled by repeated decisions of this Court, that the answer must contain an admission of indebtedness. Smith v. Chapman, 6 Porter, 365, and cases there cited. Here, there is such an admission, not, it is true, in so many words, that he owes the defendant in execution so much, but no other conclusion can arise, from the facts which are stated, and if the

same facts were proved by the defendant in execution in a direct suit against the attorney, a judgment for the specified sum, would be the necessary consequence. It is precisely the same principle which was decided by us in the case of Baker v. Moody, 1 Ala. Rep. N. S. 315.

We have no hesitation in reversing the judgment, and should render it here against the garnishee, for the proper sum if the judgment against the defendant, in execution, was shewn.

As the record does not set out this judgment, the cause must be remanded for further proceedings.

We remark that the writ of error is irregular in joining the defendant in execution, with the garnishee, but as no action is requested, we presume, conformably to our recent course of practice, that the defect is waived.