## WICKS v. THE BRANCH BANK AT MOBILE.

1. When a garnishee answers, and upon special interrogatories referring to the answer, answers again more fully, and is discharged upon the last answer, both answers are to be considered as part of the record.

2. When a garnishee answers, admitting an indebtedness to the defendant, but also stating, that he has been informed, the defendant as a bankrupt has given in the debt in his schedule, and that it has been sold, and purchased under the decree in bankruptcy, by C. A. M., no judgment can be rendered against the garnishee, on the answer, but an issue should be tendered by the plaintiff. *Quere*, When the garnishee answers, that he holds funds of the defendant, to which the latter is entitled, for services rendered the State, in a public capacity, can any judgment be rendered?

Error to the Circuit Court of Mobile.

A garnishment, issued pursuant to the statute, upon affidavit, that the plaintiff had recovered a judgment, &c. against D. D. Kane and John F. Clark, on which a *fieri facias* had been issued, and returned " no property found," &c., and it was believed the Branch of the Bank of the State of Alabama at Mobile was indebted to D. D. Kane.

The garnishee, through its officers, answered, disclosing the following facts. 1. At the time when the garnishment was served, the Branch Bank had in its possession the sum of sixty-five dollars, due to Kane from the State for services as commissioner on the part of the State to examine the bank. 2. The bank was not indebted to Kane at the service of the garnishment, but the latter was its debtor in the sum of $9,454. 3. The officers of the bank have been informed that Kane has embraced in his assets in the bankrupt court, the $65, which stands in the bank to his credit, and that C. A. Marston has become the purchaser thereof. 4. That this sum would have been paid to Kane on his demand, if other persons had not interposed and claimed the same.

Upon this answer the garnishee was discharged, and a judgment rendered against the plaintiff for costs.

G. N. STEWART, for the plaintiff in error, insisted, the first answer of the garnishee is no part of the record, and was not acted on by the circuit court. [3 Ala. Rep. 114.] The admission of the garnishee that sixty-five dollars were due to Kane, and that he would have received it on application, warrants a judgment against the bank. This sum had never been applied to satisfy *pro tanto*, the demand of the garnishee ; nor had any purpose or wish been manifested by Kane, or the bank, thus to apply it. The answer, in respect to Marston's being the purchaser under the decree in bankruptcy, is not before the court, and is too vague and uncertain, to authorize the discharge of the garnishee on this ground.

J. W. Lesesne, for the defendant in error. The bank had the right to retain, to pay the debt due it from Kane. (Sergt. on Attach. 82 ; 6 Ala. Rep. 818.) But if this be not so, the compensation or salary due to an officer or individual for public services, cannot be attached. (Sergt. on Attach. 62, 140.)

If the answer is insufficient, it should have been objected to in the circuit court. (5 Ala. Rep. 583.) The answer is so referred to in the judgment entry that, it may, if necessary, be looked to, *to sustain it.* (6 Ala. Rep. 63 ; 3 Id. 114.) The fact of Marston's claim should have been contested by the plaintiff, and an issue made up to try it. (2 Ala. Rep. 177.)

It is not, however, necessary to look beyond the judgment entry, for this shows that the garnishee negatived an indebtedness, and cannot be contradicted by the answers found in the transcript, unless they had been brought before the court by bill of exceptions.

The State bank or its branches, cannot be garnisheed— their assets all belong to the State, and a judgment against such a garnishee, would operate against the State.

COLLIER, C. J.—What has been called, in argument, the first and second answer of the garnishee, cannot be separated, but must be considered together. The first is nothing more than the answer made without interrogation upon the service of garnishment ; the second is the answer of the garnishee to interrogatories afterwards propounded to the bank, which specially refer to the answer on file, recite it in part, and call for a more particular disclosure. A judgment was rendered, upon the coming in of these answers, stating that the garnishee had denied an indebtedness to the defendant in execution, and rendering a judgment against the plaintiff for costs. At a subsequent term this entry was corrected *nunc pro tunc*, so as to make it appear that the garnishee was discharged on the answer on file, dated the 20th May, 1845 ; this appearing to be the date of the answers to the special interrogatories. This, we think, is quite sufficient, to make all the answers referred, a part of the record ; and it is competent to look to them, in determining the propriety of the de-

cision of the circuit court. [3 Ala. Rep. 114; 5 Ala. Rep. 583.]

It is perfectly clear that the answer of the garnishee does not admit a present indebtedness to Káne, or that it holds a sum of money to which he is entitled, or which would be paid to him on demand. The answer, it is true, admits that the bank is the depository of sixty-five dollars, the amount which the State owes him as a commissioner to examine the affairs of the bank ; but this sum the garnishee has been informed, is embraced in the schedule rendered by Kane as a bankrupt, and under the decree in bankruptcy, has been purchased by C. A. Marston. Whether the information of the garnishee on this point, was correct, could not, in the condition of the record, have been inquired into in the circuit court. It was enough that the answer did not admit a debt to Kane, to have authorized the discharge of the garnishee. The case of Foster, Nostrand & Co. v. Walker, 2 Ala. Rep. 177, is directly in point, and is supported by many previous and subsequent adjudications. It was there held, that where the garnishee answers he has had notice of the assignment of the debt sought to be condemned, it devolves upon the plaintiff to contest the fact of the transfer, by tendering an issue as provided by the statute ; and this although the garnishee does not affirm the fact or validity of such assignment. If an issue is not thus proposed, the garnishee must be discharged.

The bank was indebted to Kane, or held funds to which he was entitled, for services rendered the State in a public capacity. Can money due, under such circumstances, be condemned under process of garnishment ? We incline to think not. If it could, then would it not be allowable for the bank to retain it in satisfaction of the debt due it from Kane. It is unnecessary to consider these questions further, for we have seen that the answer upon the other point considered, supports the decision of the circuit court. The judgment is consequently affirmed.