## SELF vs. KIRKLAND.

1. A garnishee answered, that he would have been indebted to the defendant in a larger amount than the plaintiff's judgment, but before the service of the garnishment one H., who held a note against said defendant for a larger sum than garnishee's debt, proposed to sell said note to garnishee, who consented to take it to the extent of his indebtedness to defendant, the amount of which was not then ascertained; that the note, which had been mislaid, was to be delivered to him when found, but nothing was said about an endorsement; that the note was endorsed and delivered to him after the service of the garnishment, the endorsement being antedated to correspond with the agreement: *Held*, that the plaintiff was entitled to judgment against the garnishee on this answer.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

JOB SELF, having obtained a judgment against one Lilly, caused a garnishment to issue against Kirkland, as his debtor. Kirkland answered as follows: "That at the time of the service of garnishment, to-wit: the latter part of May, 1852, he would have been indebted to said Lilly in the sum of $28 or $30, for blacksmith's work, but before the service of the garnishment one Wm. B. Hall, held a note against

the said Lilly, for more than garnishee's indebtedness to said Lilly, and proposed to sell said note to garnishee, who consented to take it to the extent of what he might be indebted to said Lilly on settlement, the amount of which indebtedness was not, at that time, ascertained or known; that Hall would have delivered the note at the time of the agreement, but that the note was mislaid, and he was unable to find it ; that upon finding it, Hall endorsed it, and dated the endorsement back to the date of the agreement; at the time of the agreement nothing was said about endorsement, but that the note was to be delivered to the garnishee ; that the note remained in the hands of said Hall, until after the service of the garnishment, when the same was handed to the garnishee, and then endorsed to him, which endorsement was made, in reality, after the service of the garnishment, and was dated back to the time of the first agreement."

On this answer, the plaintiff asked for a judgment against said Kirkland, for the amount of his judgment against said Lilly, which was about $20. This the court refused, and rendered a judgment discharging the garnishée. The plaintiff excepted to this ruling of the court, and he now assigns it for error.

GEO. W. GAYLE, for appellant.

WM. M. MURPHY, contra.

LIGON, J.—We have decided heretofore, that no judgment can be rendered against a garnishee on his answer, unless he distinctly confesses an indebtedness, or states facts from which an indebtedness to the defendant in the judgment at the time the garnishment was served upon him may be clearly inferred.—3 Por. 105 ; 1 Ala. 421 ; 3 Ala. 312.

We have also decided, that if the garnishee, after service of the writ of garnishment, is notified that the evidence of his indebtedness to the defendant in the judgment had been transferred to another before such service, he may state the fact in his answer, and it shall protect him from a judgment on the garnishment.—2 Ala. 117 ; 12 Ala. 594.

But it has never been held, that a garnishee may shield himself by claiming to hold a demand on the defendant in

the judgment, in which he had not the legal title at the time of the service of the writ of garnishment. Were this the law, it would lead to corrupt agreements between holders of specialties against insolvent defendants in execution, and the debtors of such defendants, by which executory agreements, made without consideration, before the service of garnishment, may be perfected afterwards, and thus defeat the *bona fide* judgment creditor in the collection of his demand.

In Bostwick & Kirkland v. Beach, 18 Ala. 80, we held, that a garnishee, who answered that he was indebted to the defendant in attachment, but that he was the owner of a note made by him to a third person for a larger amount, and which had been transferred by delivery to the garnishee before service of garnishment, was but an equitable holder of the note, and could not set it up against the debt for which he was summoned as garnishee.

We have also held, that no demand is subject to be recovered by writ of garnishment, on which the defendant in the judgment, who is also the creditor of garnishee, could not maintain debt, or *indebitatus assumpsit.*—20 Ala. 334 ; 11 *ib.* 273 ; 18 Ala. 80. The process of garnishment, in this State, is strictly a legal writ, and can only be resorted to in order to reach legal liabilities. This being the case, it would seem to follow, that when the garnishee seeks to exempt himself from liability on account of a claim which he holds against the defendant in the judgment, such claim, in order to protect him, must be a good legal set-off to his own indebtedness—such a set-off as he could have made available against his creditor, had the latter sued him, in his own name, on the day on which the writ of garnishment was served upon him. This, in our opinion, is the true test in such cases ; for the writ of garnishment is but the commencement of a suit at law against the garnishee, not, indeed, by the creditor with whom he contracted, but by one on whom our laws confer the right to bring such suit.—15 Ala. 183.

Let us try the indebtedness of the garnishee in this case by these rules. In his answer, he admits that, at the service of the garnishment, he was indebted to Lilly in a larger sum, (even if we take the lowest alternative sum which he names,) than Lilly owed to Self, and for which he now seeks

to charge Kirkland. Had the answer stopped at this point, there could be no question as to Self's right to a judgment against him. But he seeks to discharge himself by setting up, as an off-set against Lilly, a note due to one Hall, which he agreed to receive before the service of the garnishment, but which, in fact, never came to his hands, either by delivery or assignment, until after that event. Under these circumstances, was it a set-off in his hands? Waiving the suspicious circumstances which surround this transaction between Kirkland and Hall, as they are disclosed in the answer, such as the antedating of the assignment, the cautious manner in which Kirkland states his interest, his forbearing to say that he paid, or was to pay anything for it, unless it became available in his hands against his indebtedness to Lilly; waiving all this, we say, still he does not show that the legal title to the note was in him when the garnishment was served. At that time it had neither been delivered nor assigned to him, and, under our previous decisions, could not be an off-set in his hands against Lilly's demand in a direct suit between them.

We have frequently held, that an off-set, to avail the defendant in a suit at law, must be due and owned by him at the service of the writ in the suit in which it is pleaded.—White v. Word, adm'r, 22 Ala. R. 442 ; Harbin v. Levi, 6 *ib.* 399 ; Cox v. Cooper, 3 *ib.* 256. The answer, in this case, clearly shows that Kirkland had not the *legal interest* in the note to Hall when the garnishment was served upon him, and it no where appears that this note was *due* at that time ; it could not, therefore, be allowed as an off-set in the hands of Kirkland.

The answer, when stripped of all that relates to the note of Hall, confesses an indebtedness to Lilly in the sum of $28 or $30, a larger amount than the judgment of Self v. Lilly ; and we think the court below should have rendered judgment against Kirkland for the amount of Self's judgment against Lilly.

Let the judgment be reversed, and the cause remanded.