# Security Loan Association *v.* Weems.

## *Garnishment.*

1. *Garnishee can not complain of errors in judgment against defendant.* A garnishee can not take advantage of errors or irregularities in the judgment against the defendant, as the debtor of whom he is summoned to answer.

2. *Garnishment; when notice of proceedings in the cause imputed to garnishee.*—A garnishee, having answered, remains before the court for the purpose of receiving its judgment; and notice of an application by the plaintiff for further answer, and of the order granting the application, is imputed to him.

3. *Same; future indebtedness growing out of existing contract; continuance for further answer.*—Where a garnishee, in his answer, admits that he holds in pawn or pledge, as collateral security for debts owing him by the defendant, a number of shares of stock in several corporations belonging to the defendant, he thereby discloses a contract, upon which in the future an indebtedness from the garnishee to the defendant could accrue; and in such case the court may with propriety grant the plaintiff a continuance of the garnishment for further answer.

4. *Same; judgment against garnishee upon subsequent answer.*—Where, in such case, the garnishee subsequently files a further or additional answer, showing that a sale of the stock had been made, and that the proceeds of the sale, in the hands of the garnishee, were more than sufficient to pay the secured debts, an existing indebtedness, springing out of the antecedent contract, is thereby disclosed, which may properly be subjected to the payment of the plaintiff's demand against the defendant.

5. *Same; notice of adverse claim under the statute.*—By the statute authorizing the suggestion by the garnishee of an adverse claim in a third party, etc. (Code of 1876, § 3302), it is not intended that creditors subsequently suing out garnishments shall be suggested as rival claimants and introduced to litigate with the creditor who is first in point of time; and it is not error for the court to refuse to suspend proceedings and cause notices to issue to the parties suing out such subsequent garnishments, on suggestion contained in the garnishee's answer.

APPEAL from Mobile City Court.

Tried before Hon. O. J. SEMMES.

On the 2d of April, 1880, E. R. Weems commenced suit, by summons and complaint, against B. O. James & Co., founded on an account. In the complaint the defendants are described as "B. O. James and B. O. James & Co.," but the summons runs against "B. O. Neal James." The return of the sheriff is in these words: "Received April 3d, 1880, and on the same day I served a copy of the within complaint and summons on B. O. James, one of the firm of B. O. James & Co." On the day the complaint was filed, the plaintiff sued out a garnish-

ment against the Security Loan Association, a body corporate, as debtor to B. O. James and B. O. James & Co. On the 1st of July, 1880, the company answered, alleging, in substance, that on the 8th of March, 1880, the defendants, B. O. James & Co., being indebted to them in a stated sum due by promissory note on the 13th of December, 1880, transferred and assigned to the company, as collateral security for said note, certain shares of the capital stock of certain corporations particularly described in the answer; and that on the 18th of March, 1880, the defendant, B. O. Neal James, being also indebted to them in a stated sum due by promissory note on the 13th of December, 1880, transferred and assigned to the company, as collateral security therefor, certain other shares of the capital stock of another corporation, also particularly described in the answer; that these several shares of stock were also transferred to, and stood in the name of the company, on the books of the several corporations, but that it held the same only as security for said notes. On the 8th of July, 1880, a judgment by default was obtained against the defendants, and a writ of inquiry ordered, which was, on the 27th of July, 1880, executed, and a judgment rendered thereon. On the 26th of July, 1880, the garnishment was continued "until the next term for the garnishee to answer further." On the 15th of April, 1881, the garnishee, insisting that it had already made full answer, and that, no objection having been made thereto, and no contest thereof having been filed, it could not be required to make further answer, answered, alleging the sales of the shares of stock which it held as collateral security to the debts owing to it by B. O. James and B. O. James & Co. respectively, and showing a balance of the proceeds of sale in its possession, after paying both debts, and suggesting the service of other garnishments upon it since its former answer, and that the plaintiffs in those suits claim the funds in its possession under their garnishments. By bill of exceptions it is shown that the order of continuance for further answer, above mentioned, was made on the *ex parte* motion of the plaintiff, and in the absence of the garnishee and its counsel.

After filing its second answer, the garnishee moved the court to discharge it upon the answer which it had first made; but the court overruled the motion, and the garnishee excepted. It thereupon moved the court to suspend proceedings against it, and to cause notices to issue to the other creditors of the defendants who had sued out garnishments against it, as shown by its answer, requiring them to appear and contest with the plaintiff their rights to the said money in the garnishee's possession. This motion the court also refused, and the garnishee excepted; and thereupon the court, on motion of the plaintiff,

[Security Loan Association v. Weems.]

rendered judgment against the garnishee on its answer, and it excepted. This judgment and the rulings of the City Court in the garnishment suit above noted, are here assigned as error.

H. PILLANS, for appellant.—(1). The judgment against the garnishee was, in any event, erroneous, because no valid judgment existed against the original defendants, or, at any rate, against the copartnership, B. O. James & Co., as the firm was not served with any summons against B. O. James & Co., and the suit was not commenced by attachment.—*Flash, Hartwell & Co. v. Paul, Cook & Co.*, 29 Ala. 146; *Mathews, Finley & Co. v. Sands & Co.*, 29 Ala. 136; *Stone v. Harris*, Minor, 32. (2). The writ of garnishment only affected, and fixed the grasp of the court upon, the property, or money in the hands of the garnishee at the time the writ was served, or at the time the answer was made, or any money which would be due by any contract *then* existing.—Code of 1876, § 3269. The garnishee should have, therefore, been discharged on its first answer, because it had nothing *in specie* which was leviable and which it could be required to surrender.—*Nabring v. Bank*, 58 Ala. 206; Drake on Att. 519–20. (3). The undisputed, unshaken rule is, that only such assets as are leviable on execution, or can be sued for in *indebitatus assumpsit* or debt, can be reached by garnishment.—*Godden v. Pierson*, 42 Ala. 370; *Roby v. Labuzan*, 21 Ala. 60; *Henry v. Murphy*, 54 Ala. 246, and cases cited. (4). On an express promise by the garnishee to pay defendant, *if the amount is uncertain*, the writ is not operative.—*Hall v. Magee & Reid*, 27 Ala. 414–16. Nor was it such an indebtedness in "the future by contract then existing" as could be reached by this process.—Drake on Att. §§ 525–7. (5). A garnishee showing by his answer that he holds but a chose in action, is not liable to judgment thereon.—*Pearce v. Shorter*, 50 Ala. 318–19; *Marston v. Carr*, 16 Ala. 325; *Jones v. Norris*, 2 Ala. 526; Drake on Att. § 425, and note; §§ 426–7, 430–1; 62 Ala. 116; *Lewis v. Dubose*, 29 Ala. 219; *Toomer v. Randolph*, 60 Ala. 360; *Henry v. Murphy*, 54 Ala. 251; *Randolph v. Little*, 62 Ala. 396–99. (6). The whole effort of plaintiff is to fix a legal lien on an equitable demand, which can not be done in this case.—*Roby v. Labuzan*, 21 Ala. 60; *Harrell v. Whitman*, 19 Ala. 135. (7). A garnishee who has answered, remains in court to receive its judgment on his answer, if not contested, but is there for no other purpose. The court can not continue the cause for further answer merely because it appears from his answer *probable* that there will be a future indebtedness.—*Jones v. Howell*, 16 Ala. 697; *Hazard v. Franklin*, 2 Ala. 349–51; *Branch Bank v. Poe*, 1 Ala. 396. (8). The trustee named in the statute concerning garnishment of trustees, is a trustee or

[Security Loan Association v. Weems.]

mortgagee under power of sale or other express trust.—*Price v. Masterson*, 35 Ala. 483.

J. L. & G. L. SMITH, *contra*.—(1). Although the summons may vary from the complaint, and in this respect be irregular, still, having been served with a copy of the complaint as prescribed by the Code, it necessarily gives actual notice to the party served of the cause of action to be defended, and commands him to appear and defend the same.—Code of 1876, §§ 2925, 2926, 2932. A firm may be sued by its firm name, and service in such case upon one member is sufficient.—*Ib.* § 2904. (2). The variance being a mere irregularity, not reaching to the jurisdiction of the court, it can not be taken advantage of by the garnishee.—1 Brick. Dig. p. 182, § 405 ; 57 Ala. 346. (3). The suggestion in the answer that other parties had sued out garnishments against the garnishee as debtor to the defendants, is not that they claim any " title " or " interest " in the debt shown by the answer. Their claim is simply that the money *still* remains the *property of B. O. James & Co.* Section 3302 of the Code, therefore, has no application.— *Winslow v. Bracken*, 57 Ala. 369. Their only course was to await the termination of the proceedings in this cause.—*Montgomery Gas Light Co. v. Merrick*, 61 Ala. 534. (4). If the first answer was unsatisfactory, it was competent for the plaintiff to ask for one more certain.—*Allen v. Morgan*, 1 Stew. 9. And the court certainly had the authority to enlarge the time within which the garnishment proceedings should be completed.—*Ex parte Opdyke*, 62 Ala. 68. (5). The motion for further answer was made in open court, and no notice to the garnishee was necessary.—*Stein v. Burden*, 30 Ala. 270. (6). The second answer shows such an indebtedness as defendants could have recovered in *indebitatus assumpsit*.—1 Brick. Dig. p. 140. And hence it could be reached by garnishment.—*Ib.* p. 175. (7). The second answer having been properly required, the relations between the debtor and garnishee prior to that answer are immaterial. Prior to the Code of 1852, the garnishee could only be required to answer what he owed at the time the writ was served.—Clay's Dig. p 59 ; *Roby v. Labuzan*, 21 Ala. 63. But this was changed by section 2517 of that Code ; and by the statute, as it now is, an indebtedness *at the time of answer* is subjected to the writ.—Code of 1876, § 3269. (8). The title to money and effects in the hands of a trustee, under a valid trust, is not in the debtor ; he has only a conditional or contingent interest in them, or in the excess or surplus after the trust is executed, which may become recoverable in an action at law, and which, except for section 3275 of the Code, could not be reached by attachment. The intention and spirit of section

3275 of the Code was clearly to extend the operation of an attachment so as to enable it to fasten a *lien* upon the money or effects, which should ripen into a right of condemnation as soon as such money and effects, or such excess, became recoverable in an action by the debtor. And there is no reason why the remedy by garnishment, as to choses in action similarly situated, should not be equally extended by the statute. As to the spirit of section 3275, see *Price v. Masterson*, 35 Ala. 483. This view is in conflict with an intimation given in *Nabring v. Bank of Mobile*, 58 Ala. 206; but this question was not then presented. It is not in conflict with *Pearce & Co. v. Shorter Bros.*, 50 Ala. 318; nor with *Jones v. Norris*, 2 Ala. 526; nor with *Marston v. Carr*, 16 Ala. 325; nor with any of the later cases.

BRICKELL, C. J.—1. The judgment rendered against the defendants in the original suit is not void, though the return of the service of the summons may be so defective that on error it would avail to reverse the judgment. A garnishee can not take advantage of errors or irregularities in the judgment against the defendant, as whose debtor he is summoned.—1 Brick. Dig. p. 182, § 405.

2. The appellant, having submitted to answer, remained before the court for the purpose of receiving its judgment. Notice of the application for the order for a further answer, and of the order itself, the regularity of judicial proceedings requires shall be imputed. It was a duty to be present during the term at which the answer was filed until final action was taken by the court. This is a duty devolving upon all suitors, and from which they can be relieved only by the act of the court, or by the act of the adverse party.—1 Brick. Dig. p. 377, § 180.

3. The statute requires a garnishee to answer not only whether he is indebted to the defendant at the service of the garnishment, or at the time of making answer, but also "whether he will not be indebted in future to him by a contract then existing; and whether he has not in his possession, or under his control, personal property, or things in action, belonging to the defendant."—Code of 1875, §§ 3269 and 3293. It is obvious the scope of a garnishment is greatly enlarged by the statute. Formerly, the garnishment had relation only to its service, subjecting an indebtedness then existing, not extending to such as accrued subsequently, though it was before answer, and resulted from a contract or some relation existing between the parties. Debts existing, not due and payable, could be subjected, and for them a judgment rendered with a stay of execution until maturity. But debts, or demands, which would accrue in the future from existing contracts, could not be

reached.—1 Brick. Dig. 175, § 318.   The insufficiency of the
remedy in this respect, it is the purpose of the present statute
to cure.

The answer of the appellant disclosed that it held in pawn
or pledge, as collateral security for debts owing it by the de-
fendants, a number of shares of stock in several corporations.
If there was default by the defendants in making payment of
their debts, the appellant had the right to make sale of these
stocks.   The right was conferred by law—it was an incident
to the relation existing between the parties.—5 Wait's Actions
and Defenses, 176.   When the sale was made, if there remained
of its proceeds an excess, after paying the debts for the security
of which the stock was pledged, the excess would have been
money had and received by the appellant for the use of the
defendants in the judgment.   There was then at the time of
the service of the garnishment, and of the answer, a contract
upon which in the future an indebtedness from the appellant
to the defendants could accrue.   There was propriety, conse-
quently, in the continuance of the garnishment for a further
answer.   The answer subsequently filed, disclosing that a sale
had been made, and that its proceeds, which the garnishee had
reserved, were more than sufficient to pay the secured debts,
there was an indebtedness then existing, springing out of the
antecedent contract which was properly subjected to the pay-
ment of the judgment against the defendants.   For it the de-
fendants could have maintained debt or *indebitatus assumpsit,*
and any demands for which these actions will lie, may be
reached by garnishment.   How far the appellant could have
been charged, as the holder of the stock, and what would have
been its liability, are not material questions in the present con-
dition of this case.   When the debts were satisfied, the stock
could have been seized and sold under execution at law, and
we are incline to the opinion, that it was proper that the ap-
pellant should have been kept before the court, so that in the
event there was payment of the debts, an order could have
been made for the surrender and sale of the stock.   We do not
understand there is anything in the opinion of this court in
*Nabring v. Bank of Mobile,* 58 Ala. 204, in conflict with this
view.   But we forbear a consideration of this question, as it is
not, in our opinion, necessary to a decision of this case.

4.   At any time before final judgment against him, a gar-
nishee may allege notice to him that a stranger claims title to,
or an interest in the debt he admits, or in the property of which
he admits possession.   The allegation being made, the court is
bound to suspend further proceedings against the garnishee,
and cause a notice to issue to the claimant to come in and main-
tain his right.—Code of 1876, § 3302.   The purpose of the

statute is to afford to the garnishee protection against adverse claims to the property or the debt, derived from the defendant to whom it either belongs or has belonged. It is not intended that creditors subsequently suing out garnishments, which are of necessity and indisputably subordinate to a prior garnishment which has been served, shall be suggested as rival claimants and introduced to litigate with the creditor who is first in point of time. They have no title to, or interest in the property or the debt—at most, they have but a lien, and whether it is superior or inferior to that of the creditor first suing out and obtaining service of garnishment, there are other and more appropriate modes of procedure for determining. The statute contemplates a trial of the ownership of the debt or property—whether it resides in the defendant or the claimant, and not a contest between creditors admitting the ownership of the defendant, who claim only priorities between themselves, resulting by operation of law.—*Brooks v. Hildreth*, 22 Ala. 469. The City Court did not err in refusing to suspend proceedings and cause notices to issue to the parties issuing garnishments subsequent to the service of the garnishment of the appellant which had been served. *Prima facie*, they claimed, not in hostility or in priority to the appellee, but in subordination to his right, and there was no contest for the court to determine, and no peril of double vexation to the appellant.

Affirmed.