# Levisohn *v.* Waganer.

## *Garnishment in aid of Pending Action.*

1. *What demands may be reached by garnishment.*—Promissory notes, or other choses in in action, belonging to the defendant, but in the possession of the garnishee, cannot be reached and subjected by garnishment.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The record in this case shows that, on the 18th March, 1884, L. P. Waganer commenced an action in a justice's court, against Hugh Fox and wife, and sued out a garnishment against Chamberlain & Co., as the debtors of said defendants; that said garnishees appeared, and filed an answer denying any indebtedness, but stating that they held four notes, called "Seamen's Advance Notes," which had been deposited with them for collection by J. Levisohn, " who said he got them from Mr. or Mrs. Hugh Fox;" and that they had refused to pay the money on the notes, being summoned as garnishees, until the ownership was determined. Thereupon, a garnishment was sued out against said Levisohn, and he appeared and answered, denying any indebtedness to Fox and wife, and claiming the four notes as his own property, by direct transfer from the several sailors to whom they were payable. This answer was contested by the plaintiffs, who made affidavit that the same was untrue, and that said four notes, particularly describing them, " are the property of said Hugh Fox, or were his property at

the time of the issue and service of the garnishment in this
cause." On the trial of this issue, the justice rendered judg-
ment for the plaintiff ; and the case was then removed into the
City Court by appeal, by the garnishee.

On the trial in that court, as appears from the bill of excep-
tions, the notes were produced, and were in the following form :
" $30. Seaman's Advance Note. Mobile, March 7th, 1884.
Three days after the sailing of the Norwegian barque *Martin
Luther*, over the outer bar of Mobile Bay, pay to the order of
Samuel Blackburn the sum of thirty dollars, provided he is then
on board, regularly attending to his duties ; " which was signed
by the master of said vessel, and directed to Chamberlain & Co.
Chamberlain & Co. admitted their liability on the notes, and
offered to pay the money as the court might direct. Fox filed
an affidavit and claim of exemption, if the money should be
adjudged to belong to him ; and he therein further stated, that
he never owned the notes, though he had a lien on them, and
that Levisohn acquired them, for valuable consideration in
goods and money paid and delivered to sailors, in his presence,
and at his instance. Levisohn, testifying orally, in support of
his answer as garnishee, stated substantially the same facts.
Under the charge of the court, the jury returned a verdict for
the plaintiff, and condemned the notes to the payment of his
judgment against Fox and wife ; and the court thereupon ren-
dered judgment against Levisohn for the amount due on the
notes. The judgment on the verdict, and several rulings to
which exceptions were reserved during the trial, are now as-
signed as error.

L. H. FAITH, for appellant.

SOMERVILLE, J.—The judgment against the garnishee is
clearly erroneous, and must be reversed. His answer showed
that he was neither indebted to the defendant, Fox, nor had
under his control any chattels such as the statute authorizes to
be condemned. The *choses in action* which were in his pos-
session could not be the subject of condemnation in such a pro-
ceeding, and the garnishee was entitled to be discharged on his
answer. This has long been declared to be the settled law in
this State.—*Jones v. Norris*, 2 Ala. 526 ; *Jones v. Crew*, 64
Ala. 368 ; Code, 1876, §§ 3293–3295, 3268 ; Drake on Attach-
ments, § 481.

Reversed and remanded.