# Edwards *v.* Levinshon.

80  447
,108  356,

*Action on Common Count for Money Had and Received.*

1. *Judgment against garnishee, and payment thereof, as defense to action.*—When a garnishee, against whom a judgment has been rendered by a justice of the peace, sets up the payment thereof in defense of an action by a claimant of the condemned debt, mere irregularities in the judgment do not invalidate it, if the justice had jurisdiction of the subject-matter and the parties; but, his jurisdiction being purely statutory, his authority to render the judgment must affirmatively appear.

2. *Same; notice to adverse claimant, and contest with him.*—If the garnishee, admitting his possession of money, states that it is claimed by a third person, the proceedings against him must be suspended, and a notice issued to such third person to appear and contest with plaintiff the right to the money (Code, §§ 3302–03); and if, instead of such notice, the plaintiff sues out a garnishment against such third person, and contests his answer, this amounts to an abandonment or discontinuance of the proceeding against the former garnishee, and is available to him as a defense against a judgment; and if a judgment is wrongfully entered by the justice against both of the garnishees, which is reversed on appeal by the second, but is paid by the first, such payment is no defense to an action against him by the other.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Jacob Levinshon, against Joseph R. Edwards, as the surviving partner of the late firm of Chamberlain & Co., to recover the amount due on four written instruments, called "Seamen's Advance Notes," of which the plaintiff claimed to be the owner by assignment, and which were directed to said Chamberlain & Co., with whom money was deposited to pay them when they became due. The original complaint contained a special count on the notes, and the common count for money had and received; but a demurrer was sustained to the special count. On the first trial, the plaintiff took a nonsuit, with a bill of exceptions; and the judgment was set aside, on his appeal, and the cause remanded.—*Levinshon v. Edwards*, 79 Ala. 273. On the second trial, as the record now shows, the defendant filed a special plea, setting up

a judgment rendered against him by a justice of the peace, in a proceeding by garnishment at the suit of one Waganer, who sought to condemn the notes, or the money in the hands of Chamberlain & Co., as the property of Hugh Fox and wife; and the plea alleged that, the garnishee having suggested that Levinshon claimed the notes and the money, "thereupon said Levinshon (plaintiff) propounded his claim to said money, and said Waganer contested said claim; and such proceedings were had thereon before said justice of the peace, that said justice, on the 27th March, 1884, adjudged that said Levinshon was not the owner of said notes, but they were the property of said Fox, and rendered judgment in favor of said Waganer, against this defendant as garnishee, for the sum of $100, with costs of suit, which judgment has been fully paid and satisfied by this defendant." To this replication the defendant filed a special rejoinder, alleging that he was never notified to appear and propound his claim in said suit, and never appeared or propounded it; that he was summoned as a garnishee in said suit, and answered denying any indebtedness, &c.; that his answer was contested, and judgment was rendered against him by the justice; and that this judgment was reversed, on his appeal, by the City Court of Mobile. The record does not show any ruling of the court on this rejoinder, but shows a judgment on verdict for the plaintiff, on issue joined. On the evidence adduced, all of which is set out in the bill of exceptions, the court charged the jury, that they must find for the plaintiff, if they believed the evidence; and this charge, to which the defendant excepted, is now assigned as error.

DESHON & LAY, for appellant.

L. H. FAITH, *contra.*

CLOPTON, J.—Chamberlain & Co. were garnisheed in a suit brought before a justice of the peace by Waganer against Hugh Fox and wife. By their answer, made March 22, 1884, they admitted having possession of the money, deposited with them to pay four "Seamen Advance Notes," which the plaintiff in the garnishment claimed belonged to the defendants; but they also alleged that they had been notified that appellee claimed title to the money. On March 24, process of garnishment was issued, at the instance of the plaintiff, against the appellee to appear on the next day, and answer as garnishee. The entry made by the justice is as follows: "The garnishee, J. Levinshon, appeared and answered no indebtedness, and also answered that he had no effects of the defendant in his possession, he claiming the aforesaid four notes and the money in

[Edwards v. Levinshon.]

the hands of Chamberlain & Co." Two days thereafter, the plaintiff controverted the answer, and having taken issue on the claim, the justice found that the notes were the property of the defendant, Fox, and adjudged that the plaintiff Waganer "recover of the said Chamberlain & Co., and the said J. Levinshon, garnishees, the sum of one hundred dollars and the costs in this behalf accrued." From this judgment the appellee took an appeal to the City Court, and on April 15, 1885, was discharged on his answer by order of the City Court. The appellant paid the judgment against Chamberlain & Co. before the present suit was brought, on being indemnified by Waganer, but at what particular time payment was made is not discovered. The payment of the judgment is set up as a defense to the present action, which was instituted April 18, 1885, by appellee against appellant, as surviving partner of Chamberlain & Co., to recover the money in their possession.

The proceedings before the justice abound with irregularities. These, however, are insufficient to invalidate the judgment on collateral impeachment, if the justice acquired jurisdiction of the subject-matter and the parties. But his jurisdiction being purely statutory, authority to render the judgment—the proceedings required by statute to enable the plaintiff in the garnishment to hold and appropriate the money in the hands of the garnishees to the payment of his debt as against the plaintiff in the present suit,—must appear.—*Gunn v. Howell*, 27 Ala. 663. When a garnishee alleges, by his answer, that he has been notified that another person claims title to, or an interest in, the debt or property, which he admits to be due or in his possession, the statute provides: " *The court must suspend proceedings against the garnishee, and cause a notice to issue to such person to appear at the next term of the court and contest with the plaintiff the right to the money or property.*" If he appear, he must be required to propound his claim in writing, and make oath thereto, upon which the plaintiff must take issue in law or in fact, and the issue in fact must be tried by a jury, if required by either party. If the issue be found for the plaintiff, judgment must be rendered against the garnishee on his answer; if for the contestant, the garnishee must be discharged. These provisions are applicable to proceedings before justices of the peace.—Code (1876), §§ 3221, 3302, 3303. The statute designs the protection of the garnishee against a double payment, and hence directs, that proceedings against him shall be suspended, and that notice shall issue to the claimant, by which he may be brought in, and his rights adjudicated in the same suit, whereby a judgment, conclusive on him, and protecting the garnishee, may be rendered. It operates to prohibit judgment against the garnishee, until an issue is
29

formed between the plaintiff and the claimant, in the mode provided, and found in favor of the plaintiff. The duty devolves on the plaintiff to see that notice issues, and the court is bound to suspend further proceedings against the garnishee, and cause a notice to issue to the claimant to come and propound his claim.— *Wicks v. Br. B'k at Mobile*, 12 Ala. 594; *Security Loan Ass'n v. Weems*, 69 Ala. 584. Without the issue of such notice, the plaintiff in the garnishment, two days after the coming in of the answer of the garnishees, made affidavit, and thereon caused process of garnishment to be issued against the claimant. This course may well be regarded as a voluntary abandonment or discontinuance of the proceedings against the former garnishees, which entitled them to be discharged, and as an election to try Levinshon's right on an issue made up by controverting his answer as garnishee, instead of contesting his right to the *money* on a claim propounded in writing as provided by statute. Under these circumstances, the statute armed Chamberlain & Co. with power to protect themselves against an illegal and improper judgment, and if they submitted to a judgment, which the law did not authorize, its payment is no defense to a suit by the claimant.—*Pounds v. Hamner*, 59 Ala. 342. When the statute requires a particular proceeding as a condition precedent to judgment against the garnishee, and judgment is rendered without performance of the condition, its payment will be no protection, for it is in the power of the garnishee to resist judgment.—Drake on Attachment, § 711.

The judgment against Chamberlain & Co. is inoperative to protect them against a recovery in the present suit, unless, as averred in the special plea, the plaintiff voluntarily appeared and propounded his claim. We do not so read the entries of the justice, nor so interpret the evidence of the plaintiff when considered in connection therewith. He only appeared in obedience to the writ of garnishment, and answered as garnishee, claiming as such the notes and the money. His answer was controverted under the statute, and the only issue, which could have been made up related to the truth of the answer. The only judgment which could have been rendered on controverting the answer, was a judgment against, or discharging him, as *garnishee*. He was not in possession of the money, and his right to it is an incident of the ownership of the notes, which was without the issue ; for the notes were not the subject of condemnation by garnishment.—*Levinshon v. Waganer*, 76 Ala. 412. We do not understand, that in the proceedings before the justice, any claim in writing was propounded by Levinshon, other than in his answer as garnishee, or that there was any contest as to his right to the money, except as inci-

[Bolman et al. v. Overall, Ex'r, et al.]

dental to his ownership of the notes, on controverting his answer. The only fact found by the justice was, that the notes were the property of Fox, and that they were past due; and thereupon, in consequence thereof, the justice rendered a joint judgment against Chamberlain & Co., and Levinshon, *garnishees*. On appeal from this judgment Levinshon was discharged as garnishee. There is, therefore, no judgment, to which he is a party, adjudicating his right to the notes or the money. Without taking steps to protect themselves, Chamberlain & Co. voluntarily paid the judgment against them on being indemnified. Such payment of such judgment is not a defense to the present suit.

Affirmed.