# House v. West.

108 355
e122 329

*Trial of Right to Property.*

1. *Answer of garnishee suggesting claimant.*—Where a garnishee answering, admits indebtedness, but suggests that the fund is claimed by a third person, the burden is on the plaintiff, to see that the claimant was notified of the proceeding; but the appearance of the claimant to contest with the plaintiff, dispenses with further notice to the claimant.

2. *Statutory claim suit; bond and affidavit jurisdictional.*—In a statutory claim suit, whether commenced before a justice of the peace or in the circuit court, the affidavit and bond required of the claimant are jurisdictional, and cannot be waived by consent of the parties.

(BRICKELL C. J., Dissenting.)

APPEAL from Birmingham City Court.
Tried before Hon. H. A. SHARPE.
The facts are sufficiently stated in the opinion.

GREGG & THORNTON, for appellant.

J. L. MEAD, *contra.* (No brief in record.)

COLEMAN, J.—The appellee West recovered a judgment in the justice court against J. J. House. On this judgment E. H. Sholl was summoned as garnishee. The answer of the garnishee admitted indebtedness to become due for the board of his horse at "The Tennessee Livery Stable" under an agreement with J. J. House,

agent, and stated and suggested Mrs. N. E. House as claimant of the debt. This appears in the answer of the garnishee, and is also entered in the minute of the proceedings on the docket of the justice of the peace. Judgment was rendered by the justice of the peace against the garnishee on his answer, from which judgment the claimant N. E. House appealed to the city court. When the cause came on to be heard in the city court, the claimant propounded her claim in writing under the statute. After the evidence had closed, upon motion of the plaintiff, the court dismissed the appeal, upon the ground that the claimant "had failed to propound her claim in writing verified by oath before the justice court, and upon the ground, that no judgment had been rendered in the justice court from which an appeal would lie." The present appeal is prosecuted from the ju lgment of the city court.

The judgment in the justice court is not drawn with any formality, but for the purpose of this appeal we will regard it as sufficient to authorize its enforcement against the garnishee. The appeal to the city court was by the claimant, and not by the garnishee. The argument is, that the claimant was never made a party to the cause in the justice court, that although the garnishee suggested the claimant, she was never notified, or at least did not propound her claim in writing. There is no entry on the justice docket to show that notice was served on the claimant to come in and propound her claim, or that she did in fact appear, or that an issue was made up and tried between the claimant and the plaintiff. It was the duty of the court after notice by the garnishee that there was a claimant, to suspend proceedings against the garnishee, and cause a notice to issue to the claimant to appear and contest with the plaintiff the right to the debt. Code of 1886, § 2984. The garnishee discharged the duty imposed upon him by statute, in order to exempt himself from a double liability. From thenceforward, the burden was on the plaintiff, to see that the claimant was notified and propounded his claim, unless the claimant made default.—*Edwards v. Levinshon*, 80 Ala. 447. The bill of exceptions shows without conflict, that claimant did appear before the justice court, by counsel "who commenced to prepare a written claim to be propounded, when the counsel for

[Steiner & Lobman v. Parker & Co.]

the plaintiff stated to counsel of claimant, that he would waive the formality of a claim propounded in writing and sworn to, and that said claim could be propounded verbally, whereupon said claim was propunded verbally, and the issue tried on a verbal contest, It can make no difference that different counsel represented the plaintiff on appeal to the city court. There the cause must be tried de novo, and the plaintiff will be bound to the same extent, as if represented by the counsel who represented him in the justice court. The record of trial in the justice court, are not required to be formally correct. Without the voluntary appearance of the claimant before the justice court, or notice given to him, it would have been error to render judgment against the garnishee. The answer of the garnishee suggesting a claimant, and the appearance of the claimant to contest with the plaintiff, dispensed with further notice to the claimant.

It is the settled law that in a statutory claim suit, whether commenced before a justice of the peace or in the circuit court, the affidavit and bond required of the claimant are jurisdictional and cannot be dispensed with by consent of parties, express or implied.—*Mobile Life Insurance Co. v. Teague*, 78 Ala. 147 and authorities cited.

The court did not err in dismissing the cause.

Affirmed.

BRIKELL, C. J., disenting.