# RHODES *v.* BOWLING GREEN WHITE STONE
# COMPANY OF KENTUCKY.

---

ATTACHMENT AND GARNISHMENT; SET-OFF BY GARNISHEE; PLEADING; PRACTICE; PENALTY OF BOND IN ATTACHMENT PROCEEDING.

1. Where a garnishee indebted to the defendant seeks to exempt himself from his liability on account of a claim which he holds against the defendant, such claim, in order to protect him, must be a good legal set-off of his own indebtedness,—such a set-off as he could have

made available against his creditor, had the latter sued him in his own name on the day on which the writ of garnishment was served upon him. The garnishee cannot claim a set-off for unliquidated and contingent claims even against the defendant.

2. In an action against an insolvent government contractor to recover for materials furnished in the construction of a public building, the attorney and agent of the contractor's surety, who had been employed by the surety to complete the building, and who had collected from the United States moneys due the failing contractor under the contract, cannot, when garnished by the plaintiff, successfully set off as against the plaintiff a sum due him from the funds in his hands as an attorney's fee under an agreement with the surety, and claims made against him by subcontractors who look to the garnishee only in event they fail to recover against the surety, and a claim made in a pending action against the garnishee for breach of contract; but under such circumstances the plaintiff is entitled to a judgment of condemnation for the amount of his claim.

3. Where a motion for a judgment of condemnation in a garnishment proceeding is denied as having been prematurely filed, leave of court to file a second motion, when such motion is proper, is not necessary.

4. The fact that the court below took cognizance of a second motion for condemnation in a garnishment proceeding, and gave judgment thereon after it had denied a prior motion as having been prematurely made, implies regularity, in the absence of anything in the record to the contrary, and the procedure will not be inquired into on appeal.

5. Costs of suit and interest which may accrue on the plaintiff's claim during litigation are not to be considered in fixing the amount of a bond in an attachment proceeding before judgment instituted by the plaintiff. If the plaintiff's claim, irrespective of costs and interest to accrue, is less than one half of the penalty of the bond, the bond is sufficient. (Construing sec. 445, D. C. Code, 31 Stat. at L. 1258, chap. 854, requiring such a bond to be in double the amount of the plaintiff's claim.)

No. 2740. Submitted February 2, 1915. Decided March 1, 1915.

HEARING on an appeal by a garnishee from a judgment of condemnation of the Supreme Court of the District of Columbia, the judgment having been entered after an oral examination of the garnishee.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Plaintiff, Bowling Green White Stone Company, a corporation, brought a suit against the defendants F. S. Fancher and J. W. Driscoll, trading under the firm name of Fancher & Driscoll, to recover the sum of $2,587.90 a balance claimed to be due for stone furnished defendants in the construction of a government Postoffice building at Lexington, Kentucky. Plaintiff also sued out a writ of attachment against appellant, Fred B. Rhodes, hereafter referred to as the garnishee, on the ground that defendants were nonresidents, and that the garnishee had in his possession moneys belonging to defendants in amount more than sufficient to satisfy plaintiff's claim.

It appears that defendants had entered into a contract with the United States, with the Illinois Surety Company as surety, for the construction of the building at Lexington, and also a building at Paris, Kentucky. Defendants failed, and, at the request of the surety company, the garnishee proceeded to complete the buildings, and to effect, as far as possible, a settlement with defendants' creditors, to whom the surety company on its bond was liable.

In answer to interrogatories, the garnishee stated that defendants had given him a power of attorney to collect any moneys remaining due under the contract, and that he had in his possession a balance of $8,557.84, against which he claimed an offset of $1,325.69, the amount of a claim of one Pillow; $5,000, attorney's fee to himself; $2,648.06, for claims for labor and material for which he had become personally responsible in completing the building; and $8,000 which the surety company had paid out on account of the Paris contract. The last item will not be considered, inasmuch as the surety company's liability under its bond for the accounts paid must be assumed in the absence of anything to the contrary.

Plaintiff joined issue on the return, denying the right of the garnishee to claim an attorney's fee against defendants, or the right to set off against said balance, to the prejudice of

plaintiff, any of the items enumerated.    Under an order of court, the garnishee was required to submit to an examination, at the termination of which plaintiff moved the court for a judgment of condemnation.    From the order granting the motion, this appeal was taken.

*Mr. H. Winship Wheatley* and *Mr. Paul B. Cromelin* for the appellant.

*Mr. Bynum E. Hinton* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The balance garnishee conceded that he had in his possession at the inception of this suit would have belonged to defendants but for their failure.    His offsets epitomized are as follows:  Attorney's fee, $5,000; claims of certain subcontractors in the event they should not recover from the surety company or the defendants, $2,648.06, and a claim for damages asserted against the garnishee by one Pillow for an alleged breach of contract, for $1,325.69.

As to the attorney's fee, it is clear, we think, that the garnishee had no claim against defendants, since he was engaged by the surety company and throughout was acting as its agent. That he so recognized his employment is established by his own testimony to the effect that he submitted his claim for an attorney's fee to the surety company, and not to the defendants, and that the same was being held by it under advisement when the present suit was instituted.    Hence, the attorney's fee amounted only to an unliquidated claim, which could not be asserted either by the surety company itself or by its agent, the garnishee, against plaintiff's claim for material furnished, and for which the surety company became liable on its bond, when defendants failed.    Eliminating this item, the other items of set-off are merely contingent claims of subcontractors, who are looking to the garnishee only in the event that they fail to recover from the surety company or the defend-

ants, and a pending suit for damages against the garnishee for breach of contract.

The garnishee was the agent of the surety company to complete the forfeited contract of defendants. Certainly defendants had no claim on the garnishee for the funds in his hands, since it appears that after the liquidation of the claims against defendants, no possible balance can exist. It is clear that garnishee's contingent liability arises from his agency for the surety company in carrying out the contract upon which, by the failure of defendants, it became liable. The garnishee is therefore in the position of attempting to set-off against a valid claim for which defendants were primarily liable, first, accounts against the surety company and, second, a claim for damages arising from his agency, which may never mature into a judgment. Neither of the items are matter of indebtedness between him and defendants, the former of which certainly, and the latter possibly, if called upon to pay, he could in turn enforce against the surety company. But even if we were to concede the items of set-off to be claims which the garnishee held against the defendants, they were merely contingent, and not enforceable as such, when this suit was begun. "This being the case, it would seem to follow that when the garnishee seeks to exempt himself from liability on account of a claim which he holds against the defendant in the judgment, such claim, in order to protect him, must be a good legal set-off to his own indebtedness,—such a set-off as he could have made available against his creditor, had the latter sued him, in his own name, on the day on which the writ of garnishment was served upon him." *Self* v. *Kirkland,* 24 Ala. 275.

Hence, even if the liability of the garnishee could be distorted into claims against the defendants, they are altogether contingent and uncertain, and are not the subject of even equitable set-off, much less legal, by the garnishee. *Smith* v. *Boston, C. & M. R. Co.* 33 N. H. 337. The law is so well settled that a garnishee cannot claim a set-off for unliquidated and contingent claims, even against a defendant, that the defense of the garnishee in his case totally fails.

It appears that a motion for condemnation was prematurely filed, and, for that reason, denied by the court. Subsequently, the motion upon which judgment was entered was filed. It is now urged as error that the second motion was filed without first obtaining leave of court. It might be that, had plaintiff attempted to take judgment on the motion prematurely filed, leave of court would have been necessary to renew it; but when the first motion was denied it left the case as if no motion had been made, and it was open for plaintiff to file a new motion when so advised. The fact that the court took cognizance of the second motion and gave judgment thereon, in the absence of anything in the record to the contrary, implies regularity, and the procedure will not be inquired into here.

It is contended that the attachment bond is insufficient, inasmuch as it is not in double the amount of the judgment, with interest and costs. Section 445 of the District Code [31 Stat. at L. 1258, chap. 854] provides: "That the plaintiff shall first file in the clerk's office a bond, * * * with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment." It will be observed that the bond must be in twice the amount of the claim sued upon. The bond was for $6,000; the amount claimed in the declaration as then due and payable was less than $3,000. This meets the requirements of the statute. The law does not place a premium upon protracted litigation by encouraging a defendant to build up costs and interest for the purpose of defeating his bond. Uncertain costs and interest which may accrue during litigation are no part of a plaintiff's claim at the date of suit. They are contingent upon the nature and extent of the litigation, and accrue in the court thereof.

The judgment is affirmed with costs.          *Affirmed.*