(101 So. 805)

DRENNEN CO. DEPARTMENT STORES v. ELROD. (6 Div. 379.)

(Court of Appeals of Alabama. Oct. 28, 1924.)

1. Execution ⟪184, 185—Affidavit and bond of claimant in statutory claim suit jurisdictional.

Affidavit and bond of claimant of property levied on are jurisdictional in statutory claim suit, under Code 1907, § 6039.

2. Execution ⟪192—Formal pleading not contemplated by statutes governing claim suits.

In statutory claim suits issue is made up by claim by execution creditor that property is that of debtor, and denial by claimant and embarrassment by formal pleadings was not contemplated by Code 1907, § 6040.

3. Execution ⟪194(1)—Burden of proof in statutory claim suit.

In statutory claim suit, under Code 1907, § 6040, burden of proof is on execution creditor to make prima facie case, and then shifts to claimant.

---

**4. Execution ⬦193 — Claimant in statutory claim suit must show title in himself.**

Claimant in statutory claim suit may not show title in any person other than himself.

**5. Execution ⬦184, 185 — Claimant may amend affidavit and claim bond at any time before final judgment.**

Claimant in statutory claim suit may at any time before final judgment amend by striking from affidavit and claim bond articles levied on, which he does not claim, in view of Code 1907, § 6053, providing for amendments of pleadings in such cases.

**6. Execution ⬦201 — Property stricken from affidavit and bond of claimant should be condemned to satisfaction of execution.**

Where claimant, having executed affidavit and bond, was in possession of all of property levied on by execution, and on trial amended by striking from affidavit and bond certain boiler and engine, judgment in favor of claimant should also have ordered condemnation of boiler and engine to satisfaction of execution, and assessed the value of each item for which he becomes liable on his bond, if he fails to return them to sheriff, under Code 1907, § 6042.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Claim suit between the Drennen Company Department Stores, and Andy Elrod, claimant. Judgment for claimant, and plaintiff appeals. Reversed and remanded.

Ward, Nash & Fendley, of Oneonta, for appellant.

Counsel argue for error in the judgment, and cite Seisel v. Falmar, 103 Ala. 491, 15 So. 850; McGrew v. Hart, 1 Port. 175; Dent v. Smith, 15 Ala. 286; Foster v. Smith, 16 Ala. 192.

Russell & Johnson, of Oneonta, for appellee.

Brief of counsel did not reach the Reporter.

FOSTER, J. An execution issued out of the circuit court of Blount county upon a judgment in favor of the plaintiff in a cause, wherein appellant was plaintiff and W. P. Elrod was defendant, was levied by the sheriff upon a certain sawmill, boiler, engine, and other personal property as the property of the defendant in execution. The claimant made affidavit claiming title to all the property levied on, and executed claim bond conditioned as required by law, and the sheriff delivered the property to the claimant. Upon the trial of the right of property before the judge without a jury, the claimant was allowed over objection of plaintiff to amend the affidavit and claim bond by striking therefrom the boiler and engine. Judgment was rendered in favor of the claimant. This is an appeal from the judgment of the circuit court.

[1] When an execution is issued from any court and levied on personal property as to which any person not a party to the writ claims to own the title, such person may try the title to such property before a sale thereof, upon making affidavit that he holds such title to the property claimed, and by executing bond payable to the plaintiff, with condition to have the property forthcoming for the satisfaction of the judgment, or claim of the plaintiff, if it be found liable therefor, and upon the making of such affidavit and bond the property must be delivered into the possession of the claimant. Section 6039, Code 1907. It is the settled law that in a statutory claim suit the affidavit and bond required of the claimant are jurisdictional. House v. West, 108 Ala. 355, 19 So. 913; Mobile Life Ins. Co. v. Teague, 78 Ala. 147, and authorities cited.

[2] Upon the trial the issue is made up by an affirmation by the plaintiff that the property claimed is the property of the defendant in execution, and liable to its satisfaction, and a denial of that fact by the claimant, and it is not contemplated that the proceedings shall be embarrassed by formal pleadings. Code 1907, § 6040. Lehman, Durr & Co. v. Warren, 53 Ala. 535.

[3] The burden of proof is on the plaintiff to make a prima facie case, and then it shifts to claimant, who must show his right to the property. Keyser v. Maas, 111 Ala. 390, 21 So. 346; Jordan v. Collins, 107 Ala. 572, 18 So. 137. See authorities cited on this proposition under section 6040 of Code 1907.

[4] A claimant may not show that the right and title to the property levied on is in any other person than himself. 4 Mayfield's Digest, p. 982, par. 156.

[5] A claimant may on the trial amend the affidavit and claim bond by striking therefrom certain articles of property which he does not claim, in view of section 6053, Code 1907, providing for amendment of pleadings and process in such cases at any time before final judgment.

[6] Where the claimant executed bond for the return to the sheriff of all the property levied on, and on the trial amended the affidavit and claim bond by striking therefrom a part of the property levied on, to wit, one boiler and engine, and the court found the issue as to the property claimed in the affidavit and claim bond as amended in favor of the claimant, a judgment should also have been rendered condemning the boiler and engine (stricken from claimant's affidavit and claim bond) to the satisfaction of the plaintiff's execution. And as such property was in the possession of the claimant under the terms of his claim bond, the value of each item should be assessed, and if the claimant fails to deliver said property to the sheriff within 30 days, it is the

duty of the sheriff to indorse the bond forfeited, and it is then the duty of the clerk to issue execution against the obligors on the bond for the amount of the plaintiff's judgment, if that is less than the assessed value of the property, or for the amount of such assessed value if that is not greater than the judgment. Code 1907, § 6042.

The claimant in this case having made bond for return of all the personal property levied on by the sheriff (all of the property being delivered by the sheriff into the possession of the claimant under such bond), may not exonerate himself from liability for failure to return a part of the property by amending his claim bond on the trial by striking out such items, but must deliver to the sheriff the property to which claim was abandoned on the trial. To illustrate, suppose a sheriff levies an execution on judgment for $10,000 on 100 mules as the property of the defendant in execution, and a claimant makes affidavit claiming the 100 mules and executes claim bond as required, and all of the mules are delivered into his possession. On the trial he amends his affidavit and claim bond by striking out 99 mules, which he has in the meantime sold. Can it be contended that he is not required to return to the sheriff the 99 mules not now claimed by him, or that upon failure so to do no liability attaches on his claim bond? The law will not permit such action on the part of the claimant. He must return the property delivered to him to which he has abandoned claim, or, if he is unable to do so, his claim bond must be forfeited.

We cannot say that the court committed error in finding that the claimant was entitled to recover the articles claimed by him in the pleadings as amended.

It results from the foregoing that the court should have rendered judgment in favor of the claimant for the articles of personal property claimed in the pleadings as amended, and should have entered order of condemnation of the property levied on, not claimed by claimant, to the satisfaction of plaintiff's judgment. The judgment should assess the value of each article separately.

The judgment of the circuit court is reversed and remanded, with directions to the lower court to enter judgment in accordance with the views herein expressed.

Reversed and remanded.