150 So. 701

## PUTMAN v. WILLIAMS et al.
### 8 Div. 640.

Court of Appeals of Alabama.
Sept. 12, 1933.

Rehearing Denied Oct. 3, 1933.

A. A. Williams, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellees.

SAMFORD, Judge.

The plaintiff obtained a judgment in the justice court against Dunk Koger. Execution issued and was levied on thirty sacks of fertilizer and three barrels of corn. This property was claimed by W. S. Putman, this claimant, who filed a claim bond therefor and took possession of the property. On the trial

of the claim suit in the justice court claimant was cast in the suit, and from that judgment he appealed to the circuit court, where on the trial judgment was again rendered against him, and from that judgment he appeals.

On the trial and at the conclusion of the evidence claimant moved to amend his claim affidavit by striking therefrom the words "three barrels of corn." Plaintiff objected, the objection was sustained, and claimant excepted.

■ Section 10389 of the Code of 1923, provides that in proceedings to try the right to property the pleadings and process under the chapter may be amended at any time before final judgment on such terms and conditions as the trial court may direct. But this provision giving to a claimant the right of amendment does not permit such amendment to the prejudice of the other party to the suit. Where the claimant has given bond and taken the property into his possession, he cannot amend the affidavit and bond by striking out a part of the property without first delivering the property to the court, that it may be condemned to the satisfaction of plaintiff's judgment or upon a condition imposed by the court that judgment be rendered against him for the property to which he releases his claim. Drennen Company Department Stores v. Elrod, 20 Ala. App. 320, 101 So. 805.

■ The only other question is as to the ownership of the thirty sacks of fertilizer at the time of the levy of the execution. The cause was tried by the judge sitting without a jury, and on the facts he rendered a judgment for the plaintiff. There was evidence to sustain this finding, and under the rule laid down in this state we will not disturb this finding. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We find no error in the record, and the judgment is affirmed.

Affirmed.