# Walker v. Ivey.

| 74 | 475 |
| 107 | 400 |
| 74 | 47₀ |
| 118 | 203 |
| 74 | 475 |
| 122 | 329 |

*Trespass for Wrongful Seizure of Personal Property.*

1. *Wife's statutory estate ; increase of domestic animals.*—The increase or offspring of domestic animals, belonging to the wife's statutory estate, also form a part of the *corpus*, and belong to her.

2. *Trial of right of property by magistrate, without bond or affidavit.*—A justice of the peace, before whom an attachment is returnable, has no jurisdiction to try the right or title to property levied on, at the instance of a third person who claims it, unless a claim is interposed under oath, and proceedings conducted in the manner prescribed by the statute; and consent of the parties can not confer jurisdiction of the subject-matter of a contest so initiated and conducted.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Theresa J. Walker, the wife of W. H. Walker, against James W. Ivey and Solomon Lee, to recover damages for the alleged wrongful taking of "ten head of hogs," the property of the plaintiff; and was commenced on the 23d March, 1882. The cause was tried on issue joined on the plea of not guilty, and resulted, under the rulings of the court, in a verdict and judgment for the defendants. On the trial, it was proved that the hogs were seized by the defendant Lee, as constable, under an attachment in his hands against said W. H. Walker, and were delivered by him to said Ivey, his co-defendant, who was the plaintiff in the attachment. The

[Walker v. Ivey.]

plaintiff claimed the hogs as belonging to her statutory estate, and adduced evidence showing that they were the offspring of a sow which had been given to her by her father several years before the levy and seizure; and also that, at the time of the levy, both she and her husband notified the constable that the hogs belonged to her, and not to her husband. The defendants adduced evidence of declarations made by said W. H. Walker, a short time before the levy, asserting title in himself to the hogs, because they were the increase of property belonging to his wife's statutory estate. The defendants introduced evidence, also, as to an informal claim to the hogs, made by the plaintiff to the justice of the peace before whom the attachment was returnable, and his decision of the claim against her, on evidence introduced before him, on different days, by each party. No entry or record of this contest was made by the justice, and numerous exceptions were reserved by the plaintiff to the oral evidence relating to it, the substance of which is stated in the opinion of the court.

The plaintiff requested the court, in writing, to charge the jury as follows: "If the jury believe, from the evidence, that the plaintiff's father gave her a sow about four years ago, the sow thereby became her statutory separate estate, and the increase of the sow would also belong to her statutory separate estate, and she could not convey away that property in any other manner than that prescribed by the statute; that she had no lawful right to submit the right to said property to arbitration, or to waive any of her rights to said property by law; nor could she consent, by oral agreement, for the justice of the peace to try her right to such property; and that such consent, if proved, would not be binding on her, and the judgment of the justice, as proved, would not estop her from bringing this action, nor prevent a recovery in this suit." The court refused this charge, and the plaintiff excepted to its refusal; and she here assigns its refusal as error, with the several rulings on evidence, and several charges given at the instance of the defendants, to which exceptions were duly reserved.

N. W. Griffin, for the appellant, cited Gans v. Williams, 62 Ala. 41; Williams v. Auerbach, 57 Ala. 90; Thomas v. James, 32 Ala. 723; Sampley v. Watson, 43 Ala. 377; Code of 1876, §§ 3676–8.

STONE, J.—1. If the testimony in the present record be believed, there can be no question that the plaintiff made out a prima facie case for recovery. Proving that the dam was of the corpus of her statutory separate estate, it followed that the

[Walker v. Ivey.]

offspring was hers. *Partus sequitur ventrem.—Gans v. Williams*, 62 Ala. 41; *Williams v. Auerbach*, 57 Ala. 90.

2. When the attachment was levied, both the plaintiff and her husband claimed that the property was hers. The property was carried away by the officer. A few days afterwards, they together visited the magistrate, and repeated to him that the property belonged to his wife. He, the justice, informed Mrs. Walker that, if she could prove the property was hers, she could recover it. The justice then expressed an unwillingness to try the case, and proposed to procure another justice to preside over the trial. Both plaintiff and her husband expressed confidence in the justice, and a willingness that he should try the case. No affidavit of claim had been, or ever was made, and no jury was summoned, or spoken of.—Code of 1876, §§ 3676, *et seq.* It was then agreed between the justice on one hand, and the plaintiff and her husband on the other, that the trial should be had on the next Saturday. On the day appointed, the plaintiff and her witnesses appeared before the justice, and, without a jury, offered testimony to prove her ownership of the property. The plaintiff in attachment did not attend. The justice continued the hearing until the next Monday, when the plaintiff appeared, and submitted his testimony. Thereupon, the justice decided the property was subject to the attachment. This proceeding, or trial, is relied on as an answer and defense to the *prima facie* case, which it is claimed the plaintiff had made out; and the Circuit Court so charged the jury.

We need not, and do not decide, whether it is competent for a married woman, with the concurrence of her husband, to submit to arbitration a disputed right to her statutory estate. There was no agreement to have an arbitration in this case. The plaintiff in attachment never was consulted, and made no agreement to arbitrate. Manifestly, he would not have been concluded by what was done. And it is equally manifest the plaintiff did not understand she was going into an arbitration. The negotiation and agreement between her and the justice, were not that the latter should try the case as an arbitrator, but that he should try it, instead of another justice of the peace, to be procured by him to take his place. A judicial trial was what was intended; and what the parties did, was *coram non judice*, and a nullity. The justice had no jurisdiction of the contention, in the absence of a claim interposed according to the statute, and conducted in the manner the statute prescribes. Consent can not give jurisdiction of subject-matter.

Many of the rulings of the Circuit Court are inconsistent with these views; notably, the refusal to give charge No. 2, asked by plaintiff.

Reversed and remanded.