[Graham v. Hughes & Hughes.]

# Graham v. Hughes & Hughes.

*Certiorari to Justice's Judgment, in matter of Claim Suit.*

1. *Statutory claim suit; affidavit of claim.*—An affidavit of ownership by the claimant is the initial step in a statutory claim suit, without which the claimant has no standing in court, and his claim is properly dismissed.

2. *Revision of judgment on facts.*—The decision of the lower court, overruling and refusing a motion to substitute papers alleged to be lost, will not be disturbed by this court, unless clearly convinced that it is wrong.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. LEROY F. BOX.

G. C. ELLIS, MATTHEWS & DANIEL, for appellant.

STONE, C. J.—The present case originated before a justice of the peace, in an attachment sued out by Hughes & Hughes against Murray, which was levied on cotton in the seed. Graham asserts that he has a just title to the cotton. Some proceedings were had before the justice, looking to a trial of the right of property, but precisely what was done is not clearly shown. The justice dismissed Graham's claim, and rendered judgment against him for costs. In *Walker v. Ivey*, 74 Ala. 475, we decided that a trial of the right of property could not be had, without a preliminary affidavit of claim. That, we held, was the initial step, without which jurisdiction of this statutory action is not given. If then there had been no affidavit of claim, Graham had acquired no standing in court, and the justice rightly dismissed his claim, independent of any reason he may have given for his ruling.

This case was then carried by *certiorari* to the Circuit Court, and the plaintiff moved to dismiss the cause out of that court, alleging as a ground that no-affidavit of claim and bond for the trial of the right of property had been filed in the justice's court.—Code of 1876, § 3341, as amended by act approved February 1, 1879.—Sess. Acts, p. 76. Claimant then moved to be allowed to substitute affidavit and bond, alleging they had been given, and were lost. Testimony was offered before the court on this question; some of it tending to show such affidavit and bond had been made and filed, and other parts of it that no such papers had ever been filed with the constable

making the levy, nor with the justice before whom the attachment was pending.—Code, § 3676. The Circuit Court overruled the motion to substitute, and dismissed the cause, at Graham's cost; thus holding that the testimony failed to convince him the affidavit and bond had been filed with the justice of the peace. In thus finding on the testimony, we are not clearly convinced he erred.—*Nooe v. Garner*, 70 Ala. 443.

The judgment of the Circuit Court is affirmed.