# Mobile Life Insurance Co. *v.* Teague.

*Attachment by Landlord; Contest with Claimant of Property.*

1. *Statutory claim suit; affidavit and bond of claimant.*—In a statutory claim suit, whether commenced before a justice of the peace or in the Circuit Court, the affidavit and bond required of the claimant are jurisdictional, and can not be dispensed with by consent of parties, express or implied.

[Mobile Life Insurance Co. v. Teague.]

2. *Same; judgment against claimant, on withdrawal of claim.*—The claimant having made neither affidavit nor bond in the justice's court, and having failed to give any bond in the Circuit Court, to which the case was removed by appeal, and having withdrawn his claim, by consent of the court; the court has no jurisdiction to render judgment against him for the value of the property, nor any other judgment, except, perhaps, for costs.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

The original action in this case was brought by E. W. Teague against A. Massey, and was commenced by attachment, sued out before a justice of the peace on the 16th December, 1879. The return indorsed on the attachment was in these words : "By virtue of the within attachment, I have attached one grey horse, pointed out by the plaintiff, which horse is in my possession, and upon which I levied an execution in favor of the Mobile Life Insurance Company against said A. Massey ; levied on by me to satisfy said execution on the 2d December, 1879, and pointed out by plaintiff as the property of said Massey this 17th *November*, 1879." In the justice's court, as shown by the transcript returned by him to the Circuit Court, the following proceedings were had : "Dec. 20, 1879. On the trial of this cause, a claim to the horse attached is filed by the Mobile Life Insurance Company, claiming the property under an execution levied on said horse ; and the cause is continued by claimant." "Dec. 27, 1879. Upon the trial of this cause, it appearing to the court that the relation of landlord did exist between E. W. Teague, plaintiff in attachment, and A. Massey, defendant ; and that said Massey is indebted to plaintiff in the sum of $95.86, for advances furnished to enable him to make a crop upon said Teague's land during the year 1879 ; and that said horse was advanced by plaintiff to. said defendant to enable him to make a crop on plaintiff's land during the year 1879 ; but it also appearing to the court that the execution of the Mobile Life Insurance Company was levied on said horse before the attachment was issued, it is therefore ordered that the levy of the attachment on said horse be dissolved, and that said horse be sold under execution."

On appeal to the Circuit Court, as the bill of exceptions shows, the Mobile Life Insurance Company filed a claim under oath, setting forth their right to the horse under the prior levy of their execution, alleging the sale of the horse under the order of the justice, and claiming the proceeds of sale in the hands of the constable. "When the cause was called for trial, the Mobile Life Insurance Company asked leave to withdraw said claim from the files, and the court permitted said claim to be withdrawn, but, against its objection, rendered judgment

against it by *nil dicit*; to which judgment said Mobile Life Insurance Company excepted. There was no evidence that said Mobile Life Insurance Company had made any affidavit in the court below, through its agent or otherwise, claiming said horse, or that there had been any trial of the right of property as to said horse, except as shown in the papers and transcript above set out. The Mobile Life Insurance Company then made a motion to strike the cause from the docket, on the ground that the court had no jurisdiction of the case, and reserved an exception to the overruling of said motion." Afterwards, a jury was impanneled, who returned a verdict assessing the value of the horse at $60; and the court thereupon rendered judgment in favor of the plaintiff, against said corporation, for this amount, besides costs. These several rulings and judgments of the court are now assigned as error.

JAS. B. MARTIN, for appellant.

G. C. ELLIS, *contra.*

SOMERVILLE, J.—Where personal property is levied on, by either a writ of attachment or execution, whether issuing from a Circuit Court, a justice's court, or other court of like jurisdiction, any claimant of such property, who is not a party to the writ, is entitled, under the statute, to become a party to such proceeding, for the purpose of trying the right or title to such property, before there has been a sale of it under the process. Before this can be done, however, he is required to do two things: *First*, he must make *affidavit* that he has a just claim to the property levied on; and, *secondly*, he must execute a forthcoming bond, conditioned and payable in the manner and amount prescribed by the statute.—Code, 1876, §§ 3341–44, 3290–91, 3676. We have held that these requirements are jurisdictional, and that, in the absence of a claim interposed in substantial accordance with the statute, and conducted in the manner the statute requires, the court has no jurisdiction to try such an issue, and derives none from the mere consent of the parties litigant.— *Walker v. Ivey*, 74 Ala. 475; *Graham v. Hughes*, 77 Ala.

The record shows that the issue between the plaintiff and the claimant was tried in the justice's court, where the cause originated, without the filing of any affidavit, or the making of any bond. Upon appeal to the Circuit Court, an affidavit was filed by the claimant, but no bond was executed. The claimant, by consent of the court, was allowed to withdraw his claim to the property, which, in the meanwhile, seems to have been previously sold by order of the justice's court,

[Elliott v. Dycke.]

Under this state of facts, the Circuit Court had no jurisdiction to render any judgment, except perhaps for costs, against the claimant, and its action in doing so was erroneous.

Reversed and remanded.