# Ballard v. Mayfield, Pitman & Co.

*Claim Suit and Trial of Right of Property.*

1. *Mortgage and landlords lien on unplanted crop valid against execution.*—A mortgagee of unplanted crops and a landlord having a rent lien on the crops when grown have such equities that either may maintain a statutory claim suit for the crops under Code, § 3040, allowing any person having an equitable title to property levied on to maintain a claim suit for its possession, when held by another under levy of an execution.

2. *Landlord may mortgage his interest in crops to be grown by his tenants.*—Under Code, § 3059, allowing a landlord to assign his claim for rent, and investing the assignee with all the remedies of the landlord for its enforcement, a landlord may make a valid mortgage of the interest he has under his rent lien in crops to be grown on rented land.

3. *Parol proof admissible in aid of description in crop mortgage.*—Where, on trial of right of property, the claimant describes the property as belonging to him as mortgagee in a mortgage conveying the interest of the mortgagor in crops grown on his land by a tenant, the property in suit may be identified by parol evidence, as having been raised on the land by a tenant of the mortgagor during the mortgage period, and delivered to the mortgagor for rent.

4. *Objection to validity of affidavit to claim comes too late on appeal.*—Objection that the affidavit of claim to property levied on is void because the officer before whom it was taken had no authority to take it cannot be urged for the first time on appeal.

APPEAL from the circuit court of Randolph.

Tried before the Hon. N. D. DENSON.

On May 7, 1889, the appellant, Joshua Ballard, recovered a judgment for $58.38 and costs, against Thomas F. Ussery. On May 24, 1890, a certified copy of the judgment so recovered was duly recorded in the office of the Probate Judge of Randolph county. On April 10,

1891, Thomas F. Ussery. executed to the appellees, Mayfield, Pitman & Co., a mortgage upon the entire crops to be grown by him during that year, on his lands, or by his tenants. On October 27, 1891, an alias execution was issued out of the circuit court of Randolph county on the judgment recovered by Ballard against Ussery. This execution was levied by the sheriff on November 9, 1891, upon two bales of cotton, which were in the possession of the defendant in execution. On November 12, 1891, Mayfield, Pitman & Co., after making affidavit and giving bond, interposed a claim to the cotton levied upon under the said execution, and thereupon the present statutory trial of the right of property to the said two bales of cotton was instituted. The other facts of the case are sufficiently stated in the opinion. There were verdict and judgment for the claimants. The plaintiff appeals, and assigns as error the refusal of the court to give the general affirmative charge in his favor, and the rendition of judgment for the claimants.

JAMES AIKEN, for the appellant.

HARALSON, J.—1. Prior to the amendment of section 3004 (3341) of the Code, by the act of 28th February, 1887, (Acts 1886–87, p. 150) it had been held, that a mortgage of an unplanted crop did not pass to the mortgagee the legal title to the crop afterwards planted and raised, conferring on him a right of property sufficient to support a statutory claim suit, if the crop was levied on under attachment or execution. And the same thing was true of the landlord's statutory lien for rent and advances.—*Columbus Iron W. Co. v. Renfro*, 71 Ala. 579; *Marks v. Robinson*, 82 Ala. 69; *Hardy & Co. v. Ingram*, 84 Ala. 545. But, under this amended statute, the mortgagee of an unplanted crop or a landlord, may upon the equity he has in the crops mortgaged, or rented land, institute a claim suit, and in determining the right of property, an equitable is as available as a legal title. See also Act of February 23, 1889, Acts 1888–9, p. 45, 99.

2. And, before the adoption of section 3059 (3470) of the Code; on the 9th of February, 1877, (Acts 1876–77, p. 74, § 1), the landlord could not assign his claim for rent and advances, so as to invest his assignee with his

[Ballard v. Mayfield, Pitman & Co.]

rights and remedies so as to enforce them.—*Foster v. Westmoreland*, 52 Ala. 223. It was also held, under the old statute, that the landlord had no such interest in, or title to the crops to be grown on rented lands, as could be made the subject of a mortgage, valid to convey the legal title.—*Broughton v. Powell*, 52 Ala. 123. Since the amendment of section 3004, and the adoption of section 3059 of the Code, however,—which allows a landlord to assign his claim for rent and advances,—it has not been questioned, that the landlord may convey and assign by mortgage or otherwise his claims for rent. His lien for rent and advances dominates and has preference over all other liens on the crop grown on rented land for the current year, and he may transfer his claim and clothe his transferee with his own paramount lien.—*Leslie v. Hinson*, 83 Ala. 266.

3. The evidence in this case shows, that Ussery, the defendant in execution, in order to secure a note for $250, and any other advances that might be made by them to him, executed a mortgage to the appellees, Mayfield, Pitman & Co., on the 10th of April, 1891, by which he sold and conveyed to said mortgagees his entire crop of agricultural products grown and raised by him, and all his right, title and interest in his said crops grown by tenants under him, or co-tenants with him, in Randolph county, Alabama, during the year 1891.

One M. P. Webb testified for the plaintiff, that he rented lands from the defendant in execution, for the year 1891, and executed to him his rent note for $65 for the rent of the lands, and that he let defendant have the cotton in controversy in payment of said rent; and that said cotton was raised on the rented lands, except about 800 pounds in the seed. It is stated also in the bill of exceptions, that "there was evidence tending to show, the cotton levied on and claimed was raised by a tenant of T. F. Ussery, the mortgagor, in Randolph county, Ala., on said Ussery's lands, in 1891, and * * * that as rent, said tenant was to pay part of the crop for said year, and that said cotton was delivered as rent to defendant in execution,—the mortgagor."

This being in substance all the evidence, the plaintiff requested the court to charge the jury, that if they believed the evidence to find for the plaintiff, which charge

the court refused to give, and this is the main question presented by the appeal.

4. There was no error in refusing this charge. The mortgage certainly gave the mortgagees an equitable claim to all the crops that might be raised on the defendant's lands in 1891, whether raised by him or his tenants, which, under section 3004 of the Code, authorized them to interpose this claim, and, if established, to entitle them to the rights of the landlord in the rent cotton, superior to the lien of the plaintiff in execution. If the crop was unplanted, even, at that date, yet, if any one with actual or constructive notice of the landlord's lien, converted it to his own use, after it was raised and gathered, he would have been liable to the mortgagee or his assignee in an action on the case, which could not be the case, without a subsisting equity to the crop.— *Smith v. Fields*, 79 Ala. 337; *Rees v. Coats*, 65 Ala. 256.

5. There is nothing in the suggestion that the mortgage is void for its indefiniteness of description of the property conveyed. It was "the entire crop of agricultural products grown and raised by me, and my right, title and interest in said crops grown by tenants under me, or co-tenants with me, in Randolph county, Alabama, during the year 1891." This alleged uncertainty in description was capable of being removed, and was removed, by extraneous parol evidence in identification of the two bales of cotton levied on, as having been raised by a tenant of the defendant, on lands rented to the tenant in the year 1891, in Randolph county.— *Varnum v. The State*, 78 Ala. 30; *Smith v. Fields*, 79 Ala. 337; *O'Neal v. Seixas*, 85 Ala. 80.

6. It is said the claim affidavit was void, because made before the register of the chancery court, who had no right to administer the oath. If the register had no statutory authority to take the affidavit, the claim was void, and the court would have been without authority to proceed to try the cause, if objection had been made in the lower court. But, the claimant appeared and pleaded and tried his case without objection, and judgment was rendered against him. In *Goldsmith v. Stetson*, 39 Ala. 189, it was held that a judgment in favor of a plaintiff in attachment which was void because sued out before an officer not authorized to issue an attachment, was nevertheless a valid judgment, because the defendant ap-

peared in court and thus waived the irregularity. Without deciding the question presented, we hold that it is too late to raise it for the first time here. In each of the cases referred to by counsel for appellant—*Walker v. Ivey*, 74 Ala. 475; *Graham v. Hughes*, 77 Ala. 590; *Mobile Life Ins. Co. v. Teague*, 78 Ala. 147—holding that the court was without authority to try a claim suit in the absence of an affidavit and bond, the question was properly rised in the court below.—*Carter v. O'Bryan*, 105 Ala. 305.

Affirmed.