[Smith v. Heineman.]

# Smith v. Heineman.

⌐118  195
|144  310

*Action against Sheriff and Sureties on his Official Bond.*

1. *Pleading and practice; when plea failing to answer whole com-plaint demurrable.*—A plea addressed to a whole complaint containing several counts, but which answers only one of such counts is demurrable.

2. *Levy of attachment by sheriff; presumption that property is subject to levy.*—Where a sheriff levies an attachment regu-larly issued upon certain property as the property of the de-fendants, the presumption obtains that the property so levied upon was liable to the attachment, and imposes a *prima facie* liability upon the sheriff to preserve and apply the property to the judgment when rendered.

3. *Statutory claim suit; affidavit necessary for its institution.* An affidavit of ownership by the claimant is a necessary and the initial step in the institution of a statutory trial of the right of property, and the execution of a claim bond, unac-companied by such affidavit as required by the statute, does not authorize or justify the delivery by the sheriff to the claimant of property which had been levied upon under an attachment.

4. *Fraudulent conveyance; validity of sale of goods as against creditors.*—A sale of a stock of goods by a debtor, with the intent to hinder, delay or defraud his creditors, is fraudulent and void, although the purchaser may have paid a valuable and adequate consideration in cash, if the purchaser had no-tice, actual or constructive, of such fraudulent intent; and information of suspicious circumstances, which would have incited inquiry by a person of ordinary care and prudence, which, if honestly followed up would have disclosed the in-tent, is sufficient to charge the purchaser with constructive notice.

5. *Same; same; sale by members of a partnership.*—Where one partner sells his half interest in the assets of a partnership business to his co-partner upon the basis that they exceed the liabilities $1,400, and two days thereafter the purchasing partner sells the business and its assets to one having knowl-edge of the firm's debts and of the former transaction be-tween the partners, upon the basis that the assets exceed the liabilities $200, and the consideration of the latter purchase

[Smith v. Heineman.]

is paid in cash, with the exception of $500 to be paid to a creditor, but no provision is made for the other creditors of the partnership, and it is admitted by the buyer that after the sale his vendor continued to draw money out of the business, there is shown sufficient to authorize the finding that such sale was fraudulent as to the partnership creditors.

6. *Partnership; no exemption as against debts of firm; defense by sheriff for failure to levy attachment.*—Under the provisions of the statute (Code of 1886, §2513; Code of 1896, §2039), as against partnership debts, there can be no exemption as to partnership property; and the fact that the assets of a partnership purchased by one of the partners from the other members of the firm did not exceed in value the amount exempt by law, constitutes no defense to an action against a sheriff for his failure to levy upon such property an attachment sued out by the partnership creditor.

7. *Same; sale of partnership assets.*—Where, although a partnership is composed of three members, the entire partnership assets are owned by only two of them, a sale by one of the two partners owning the assets to the other, does not vest in the purchasing partner the absolute and sole ownership of the property as against partnership creditors.

8. *Same; fraudulent conveyance as to partnership creditors.* A transfer of the partnership assets by two insolvent members of a firm to the other member of the firm, though made for a sufficient consideration, is fraudulent as to partnership creditors.

9. *Action against sheriff for failure to levy attachment; burden of proof.*—The presumption being that sworn public officers have performed their duty, one seeking to hold a sheriff liable for failure to make the levy of an attachment assumes the burden of showing that the defendant in the attachment suit owned property subject to levy which the sheriff neglected to seize.

10. *Same; same; sufficiency of proof.*—In an action against a sheriff, to recover damages for failure to levy an attachment on all the property of the defendant subject to levy, evidence that several days before levying the attachment the defendant owned more property than the sheriff afterwards levied on, does not, of itself, create a presumption against the sheriff so as to shift the burden on him to show that he levied on all of the property owned by the defendant that was subject to levy.

11. *Same; same.*—In an action against a sheriff for failing to sell or account for property which had been levied upon

[Smith v. Heineman.]

under an attachment sued out by the plaintiffs against their debtor, the burden is upon the plaintiffs to show the extent of their damage by proof of the value of the property at the time of the levy.

12. *Same; liability of sheriff for failure to levy attachment.* A sheriff is not liable for his failure to levy an attachment on property subject to a prior *bona fide* incumbrance, which exceeds the value of the property; since the attaching creditors were not damaged by such failure.

13. *Same; same; effect of prior attachment.*—The fact that a prior attachment has been levied upon the property of a debtor, does not justify a sheriff in failing to levy a subsequent attachment on the same property, if the prior attachment had been discharged before the return of the later attachment.

14. *Action against sheriff for failure to levy attachment; irrelevant evidence.*—In an action against a sheriff for failing to levy an attachment, evidence as to whether the defendants in the attachment suit, who were saloon keepers, had taken out a license as retailers, is irrelevant immaterial and inadmissible.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. J. J. BANKS.

Samuel Heineman and Marcus Heineman, as partners under the firm name of Heineman Brothers, brought this action against Joseph S. Smith, late sheriff of Jefferson county, and the sureties on his official bond as such sheriff. The suit was commenced on March 31, 1892.

The complaint was for a breach of the official bond of the sheriff, and contained two counts. The averment of the first count was that on the 12th day of January, 1891, an attachment in favor of the plaintiffs and against Nat. Stanley, W. T. Johnson and Christopher Hinkle, partners under the firm name of Stanley & Co., was placed in the hands of Joseph S. Smith, while he was acting as sheriff; that on the 14th day of January, 1891, the attachment was levied by the sheriff on certain personal property described in the first count of the complaint; that on the 5th day of June, 1891, a judgment was rendered in the attachment suit in favor of the plaintiffs therein and the property levied on was condemned to the satisfaction of the judgment, and ordered to be sold for the satisfaction thereof; that on

the 6th day of July, 1891, an order was issued to the sheriff to sell the property so levied upon for the satisfaction of the judgment; but that the sheriff failed to sell such property or account for the same.

The second count alleged the issue of the attachment as stated in the first count, and that in addition to the property levied upon, as stated in the first count, the defendants in attachment had sufficient property in the county of Jefferson, subject to levy, to satisfy the demand of the plaintiffs in attachment, and that the sheriff, disregarding his duty, had failed to levy the attachment upon property sufficient to satisfy the attachment, whereby the plaintiffs' demand was not collected.

The defendant pleaded the general issue, and several special pleas, among which was the following: "8. The defendants, for further answer to said complaint, say that they admit that the said Joseph S. Smith, as sheriff of said county, received said attachment mentioned in said complaint, as alleged in said complaint, and that he levied the same upon the property mentioned in said complaint as the property of the defendants in attachment, but said defendants aver that after levy had been made, one F. M. Edwards claimed said property as his own, and made affidavit that said property was his property, and gave bond as claimant of said property, with sufficient sureties in double the value of said property, and thereupon said property was turned over to said Edwards, said claimant; and the defendants aver that said attachment was returned to the court issuing the same with the endorsement that said property so levied upon had been claimed by said Edwards, and that he had given said bond, which bond was also returned to said court from which said attachment had issued."

To the 8th plea the plaintiffs interposed a demurrer, on grounds as follows: (1.) "The plaintiffs demur to the eighth plea upon the ground that the same does not set forth any facts or assign any reason why said J. S. Smith, as sheriff, did not levy upon property of Stanley & Co. in addition to that named in said plea; the second count of the complaint alleging that said Stanley & Co. had sufficient property in Jefferson county, Alabama, sufficient to satisfy plaintiff's attachment." (2.)

[Smith v. Heineman.]

"Because the eighth plea purports to answer the whole complaint, but is an answer to only so much of the complaint as alleges the negligence of the sheriff in his failure to sell the property actually levied upon by him under plaintiffs' attachment; whereas, the second count of the complaint claims damages for the failure of said sheriff to levy upon sufficient property of Stanley & Co. to satisfy plaintiffs' attachment, the said count alleging that Stanley & Co. had sufficient property in said county of Jefferson, State of Alabama, to satisfy plaintiffs' attachment." The court sustained this demurrer, and thereupon issue was joined upon the other pleas filed.

The evidence for the plaintiffs tended to show that Nathaniel Stanley, W. T. Johnson, and Christopher Hinkle, as partners, under the firm name of Stanley & Co., were, on the 12th day of January, 1891, doing business in the city of Birmingham, as saloon-keepers; that they kept two saloons, one situated on First avenue and the other on 21st street, in the city of Birmingham; that Heineman Brothers had sold to Stanley & Co. goods, and on January 12, 1891, sued out and had placed in the hands of the defendant, J. S. Smith, as sheriff of Jefferson county, an attachment against said Stanley & Co.; that on January 14, 1891, said attachment was levied upon the property found in the saloons which had been kept by Stanley & Co. on First avenue and 21st street, with the exception of the bar fixtures. It was shown, both by the return of the sheriff upon the writ of attachment and the other evidence, that upon the levying of said attachment, F. M. Edwards, as claimant, gave bond in double the value of the property levied upon with sufficient surety, and said property was delivered to said Edwards. The plaintiffs proved that at the time of giving said claim bond for the property so levied upon, said Edwards did not make affidavit that he owned the property levied upon. On June 5, 1891, Heineman Bros., recovered a judgment against Stanley & Co. for the full amount of their claim. The evidence for the plaintiffs further tended to show that on January 6, 1891, W. T. Johnson, of the firm of Stanley & Co., sold out his interest in the firm to Nat. Stanley; that Christopher Hinkle was a nominal partner in

said firm; that when making the inventory of the stock in the stores owned by Stanley & Co., F. M. Edwards was present during part of the time, and knew that the firm of Stanley & Co. was largely indebted. That the invoices which were seen by said Edwards prior to the making of the sale by Johnson to Stanley showed the bills of goods bought and the amount of the indebtedness of Stanley & Co.; that Edwards was on intimate terms with Nat. Stanley, and in the negotiations for the sale by Johnson to the latter Edwards was present when Stanley stated that the firm was badly in debt. It was shown by the evidence that on January 8, 1891, Nat. Stanley sold to F. M. Edwards the entire stock and property formerly owned by Stanley & Co., including the bar fixtures and outfit in the saloon on First avenue and in the saloon on 21st street. Edwards paid $2,200 in cash therefor.

The evidence for the plaintiffs tended to show that this sale was fraudulent; that at the time of making such purchase Edwards knew of the insolvent condition of Stanley and the business which he was conducting, and knew that he was indebted to the plaintiffs in this action; while the testimony for the defendant tended to show that Edwards knew of no indebtedness which was due by Stanley & Co. or by Nat. Stanley except $500 which was due to J: S. Smith, the defendant in this case, and which was paid to said Smith as a part of the $2,200, the purchase price of the businesses paid by Edwards to Nat. Stanley; and that the purchase by Edwards was a *bona fide* purchase upon a present consideration. It was shown that at the time of making the purchase from Nat. Stanley, Edwards executed a mortgage on the bar fixtures in the First avenue place of business, to secure the payment of money which he borrowed for the purpose of making the cash payment to Stanley, and this mortgage was in existence at the time of the delivery of the attachment, sued out by the plaintiffs, to the sheriff. The other tendencies of the evidence necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the examination of W. T. Johnson as a witness for the plaintiff, he was asked the following ques-

[Smith v. Heineman.]

tion: "Had Stanley & Co. paid for a license—city, State and county—at the time of the sale made by you to Stanley, for that year?" The defendants objected to this question, upon the grounds that there was better evidence of the matters inquired about, and that it called for immaterial testimony. The court overruled the objection, and the defendants duly excepted to this ruling of the court. The witness answered that Stanley & Co. had not taken out a license at that time.

The cause was tried by the court without the intervention of a jury; and after the introduction of all the evidence, the court rendered judgment in favor of the plaintiffs in the sum of $950.95. To the rendition of this judgment the defendants duly excepted. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

HEWITT, WALKER & PORTER, for appellant.—The value of the property levied upon being less than one thousand dollars, Stanley, the defendant, could have claimed all of it as exempt; and, therefore, the sheriff was not compelled to levy upon it. Hence, neither he nor his bondsmen could be held liable for his failure to do so.—*Alley v. Daniel*, 75 Ala. 403; *Nance v. Nance*, 84 Ala. 375; *Fellows v. Lewis*, 65 Ala. 343; *Kennedy v. Banks*, 113 Ala. 279.

LANE & WHITE, *contra*.—The demurrer to the 8th plea was properly sustained. The plea was to the whole complaint, but it was an answer to only one ground.—*Smith v. Dick*, 95 Ala. 311.

One of the material issues in the case was as to the value of the property owned by Stanley & Co. The 2d count of the complaint is based and grounded upon the proposition that defendant in attachment had property sufficient to satisfy the attachment. The attachment issued January 12, and surely it was competent to show what the property was worth six days before that, when an inventory was taken. If there had been any depreciation in values or diminution in quantity, that could have been shown. The presumption is that the property remained as it was.—*Brown v. King*, 5 Metcalf (Mass.) 173.

The levy upon the property named in the complaint, was a solemn admission on the part of the sheriff that

the property belonged to Stanley and was liable to attachment, and when he discharged that levy the burden of proof was cast on him to show that the property was not the property of Stanley & Company.—*Smith Stewart Co. v. Castellow*, 88 Ala. 355.

BRICKELL, C. J.—This is an action in which the appellees were plaintiffs, against the appellant Smith, as sheriff of Jefferson county, and the sureties on his official bond. The complaint contains two counts. In the first, the breach assigned is, that on the 12th day of January, 1891, an attachment in favor of plaintiffs against certain persons as partners under the name of Stanley & Co., was placed in the hands of the sheriff, and that on January 14th, he levied the same upon certain described personal property. That plaintiffs obtained judgment in the attachment suit June 5th, 1891, and condemnation of the property levied on, and that on July 6th, an order was issued directing a sale by the sheriff of the attached property, but that the sheriff failed to sell or account for the same. In the second count, the issue of the attachment, and its levy by the sheriff is alleged as in the first count; and it is also averred that the defendants had sufficient property in the county of Jefferson, subject to levy, to satisfy the demands of the plaintiffs, but that the sheriff had failed to levy upon such property.

Demurrers to all the pleas except the eighth were overruled, and as to the eighth were properly sustained. The plea was addressed to the whole complaint, but answered only the first count.—*Kennon v. W. U. Tel. Co.*, 92 Ala. 399. It also affirmatively appears, that the defendants had, under other pleas, the full benefit of every fact alleged in the special plea; so that if error had intervened, it would have been error without injury.—*Owings v. Binford*, 80 Ala. 421. The fact that the sheriff received the attachment and levied it upon certain property as the property of the defendants, is uncontroverted. As to the property so levied upon, the presumption obtains that it was liable to the attachment.—*Wilson v. Brown*, 58 Ala. 62; *Abbott v. Gillespy*, 75 Ala. 180. The presumption is not conclusive; and it was permissible for the defendants to show that

[Smith v. Heineman.]

the property was not, in fact, subject to levy.—*Wilson v. Strobach,* 59 Ala. 488. It is not contended that the approval by the sheriff of the claim bond, tendered by Edwards relieves the defendants from liability to account for the property on which the levy was made; nor removes from them the burden of proving that the property was not subject to the levy. Unaccompanied as the bond was by the affidavit the statute requires, a trial of the right of property was not instituted, and the delivery of the property to Edwards, was not thereby authorized.—*Walker v. Ivey,* 74 Ala. 475; *Graham v. Hughes,* 77 Ala. 590. The insistence on the part of the appellants, is, first, that the property in fact belonged to Edwards; next, that if it did not, and it and all other property which plaintiffs insisted was subject to levy, be treated as property of the defendants, it was all less in value than the amount exempt by law; and lastly, if not so exempt, the value as fixed by the court (trying the case without a jury) was too large.

The sale by Stanley & Co., or Nat. Stanley, to Edwards, was of all the property in both places of business in the city of Birmingham, and it is not insisted that defendants owned any other property. The primary question is as to the validity of the sale. The court below, upon the evidence, answered this question negatively, and we are not convinced there was error in the conclusion. Upon this inquiry, we do not deem it necessary to refer to more than one phase of the evidence. We have many times drawn the distinction between a purchase of property in payment of an antecedent debt, and a purchase on present consideration. In respect to the latter, we have repeatedly held that if the intent of the seller was to hinder, delay or defraud creditors and the buyer knew of such intent, or was informed of such circumstances as would lead a person of ordinary care and prudence to institute inquiry which, if followed up, would have disclosed the intent, then the transaction is fraudulent though the vendee may pay an adequate and valuable consideration.—*Crawford v. Kirksey,* 55 Ala. 283; *Lehman v. Kelly,* 68 Ala. 192; *Dollins & Adams v. Pollock & Co.,* 89 Ala. 351; *Schaungut's Admr. v. Udell,* 93 Ala. 302. On January 6th, Nat. Stanley purchased the interest of his partner

Johnson in the firm assets on an agreement to relieve
Johnson from the partnership debts and the payment
of seven hundred dollars in money. In the transaction,
Hinkle, it was assumed, had no interest, so that the in-
terest of Johnson was one-half. The debts at that time
were about two thousand dollars. Assuming Johnson's
liability as between the partners to have been one-half
and the bonus paid him to have been seven hundred dol-
lars, we would have seventeen hundred dollars as rep-
resenting half the value of the property, or thirty-four
hundred dollars for the whole on January 6th. The
fact admitted in argument for appellants and disclosed
by the evidence, that Edwards knew of this sale, knew
that Stanley assumed all liabilities and paid seven hun-
dred dollars excess for Johnson's half interest, is urged
by the appellants as disclosing Edwards' want of knowl-
edge that Stanley & Co. were insolvent or in embar-
rassed circumstances. Dissociated from later occur-
rences and standing alone, such might be the inference.
But when it appears that Edwards claims to have
bought all the property two days afterwards at $2,200
—or $1,200 less than the estimate placed on it in the
transaction between Stanley and Johnson—the infer-
ence is reversed. If the assets as compared with the
liabilities were sufficient to justify the payment of
seven hundred dollars premium for Johnson's half in-
terest on the 6th, was it not highly suggestive to Ed-
wards that something was wrong, when, two days later,
the same property was offered to him at the reduction
named? He must have assumed either that Stanley
had agreed to pay more than the property was worth,
in which event the argument of the appellants in this
aspect falls to the ground, or that some exigency had
arisen in two days of sufficient importance to induce
Stanley to suffer a large loss. Knowing that in the
original trade, the assets exceeded the liabilities only
by some fourteen hundred dollars, Edwards agrees to
pay for the property a sum which exceeded the liabili-
ties only by two hundred dollars. And this sum was
to be paid to the debtor in cash, (less five hundred dol-
lars to be paid Smith), with no security for other cred-
itors or provision for their payment. When in connec-
tion with these facts, the intimate relations of the par-

ties are considered, together with the admission by Edwards (deposed to by Bernard), that Stanley continued to draw money out of the business after the sale, we are of opinion the finding of the court below that the sale was fraudulent, should not be disturbed.

Eliminating Edwards' purchase, it is next insisted, that all the property of the defendants did not exceed in value the amount exempt by law; and the principle is invoked that the sheriff can not be held liable for failure to levy upon exempt property. This question can not arise on this record for the reason that in respect to partnership property no exemption can be claimed as against partnership debts. It is expressly provided by statute (Code of 1886, §2513; Code of 1896, §2039), as follows: "No property, real or personal, held or owned by partners as partnership property, or purchased with partnership funds for partnership purposes, shall be the subject of homestead or other exemption as against copartners or partnership, creditors." As against partnership creditors Nat. Stanley did not, by virtue of his purchase from Johnson, become the sole owner of the property. There was another partner —Hinkle. True, his interest is said to have been "nominal;" but this was so only as between the partners themselves. In respect to creditors, Hinkle's liability and his joint ownership of the partnership assets were actual and not nominal.—*Schlapback v. Long*, 90 Ala. 525. Nor would the result be different if Hinkle had joined Johnson in the sale. Both were insolvent, and the transaction would have been fraudulent as to partnership creditors.—*Aiken v. Steiner & Lobman*, 98 Ala. 355.

In respect to the property levied upon, the fact of the levy, as we have said, imposed, *prima facie*, a liability upon the sheriff to preserve and apply the property to the judgment when rendered. His discharge of the levy upon the mere execution of a claim bond, unaccompanied by affidavit, did not, as we have said, relieve him from this liability. Assuming that Edwards acquired no title by his purchase, the liability of the sheriff for the property levied on is beyond question.

But the burden was upon the plaintiffs to show the extent of their damage by proof of the value of the prop-

[Smith v. Heineman.]

erty. There seems to have been no special effort to prove the value of the specific property—but one witness (Frank) testifying on the subject, and he in a very indefinite way. The plaintiffs sought to prove, rather, the value of all the property upon which it was insisted the sheriff should have levied, as alleged in the second count, and which, it was claimed, largely exceeded in amount and value that actually levied upon. If there was property subject to levy which the officer neglected to seize, the burden was upon the plaintiffs to show it. The presumption is, that sworn public officers have performed their duty, and this presumption obtains until disproved by him who asserts the contrary. Nearly all the evidence adduced by the plaintiffs on this issue, relates to the amount and value of the property on hand at the date of the sale from Johnson to Stanley. The highest estimate as of that date, is Johnson's, who fixes the value of the property in the First avenue place at twenty-three hundred dollars (stock $1,400 and fixtures $900), and in the Twenty-first street house at thirteen hundred dollars, (stock $700 and fixtures $600) ; a total of thirty-six hundred dollars. Frank testifies that he assisted in taking an inventory of the property, including fixtures in the First avenue store at the time of Johnson's sale, and that its value was about twenty-three hundred dollars. He agrees with Johnson that the stock was worth $1,400, and the fixtures $900. The estimates of Johnson and Frank relate, it will be seen, to a date six days before the plaintiffs' attachment was received by the sheriff, and it is contended for plaintiffs that having thus fixed the amount and value, the burden was upon the defendants to account for any diminution. If in a proceeeding against Stanley & Co., such an issue was involved, there would be force in the proposition. In such case, the presumption of a continuance of the status, would operate against parties having special means, not open perhaps to others, of accounting for any loss or diminution. But the principle can have but limited, if any application to a suit like the present, where the duty of accounting attaches only as of the time when the officer makes a levy, or should have made one. It was not the duty of the sheriff to account for any discrepancy between the amount of property in ex-

[Smith v. Heineman.]

istence on the 6th day of January, and the amount subject to levy when the process came into his hands. The issue was, not how much Stanley & Co. had owned a week prior to January 12th, but what property there was, subject to levy, on the day the writ reached the officer. To shed light on this issue, it was doubtless competent to prove the recent ownership by defendants of more property than was levied on; but such evidence created no presumption against the officer which would shift the burden of proof. It was merely evidence of a fact, the probative force of which was a question for the jury, or in this case, for the judge, since a jury was waived, considered in connection with any other evidence tending to corroborate or weaken it.

The evidence of but one witness (Frank) tended to show that all the property included in the sale from Johnson to Stanley, was in the First avenue house on the day of the levy. He made no examination, and evidently testified from general appearances. Opposed, is the evidence of Edwards, who says that when he bought (two days before the levy), the property in that store, aside from the furniture and fixtures, amounted to but $400 in value, and the evidence of the sheriff and his deputy. The sheriff made the levy in the First avenue store, and testified that the cash market value of all the property he could find there was $150 or $200. The deputy levied on the Twenty-first street property. It was of small value aside from the furniture and fixtures, both together being estimated, according to the evidence of the sheriff and his deputy, at between $275 and $300. On the whole evidence, we reach the conclusion that the return made by the sheriff on plaintiffs' attachment, covers all the property found in both places of business, with the exception of the furniture and fixtures in each.

We reach the further conclusion, that the plaintiffs were not damaged by the failure to levy on the furniture and fixtures in the First avenue house. The evidence shows without conflict that after Edwards' purchase he executed a mortgage to secure a loan of $1,000 made on the faith of his possession and ownership of the property. The mortgagee was a purchaser in good faith, for value without notice of any infirmity in the title, and entitled to protection as such.—*Thames v.*

*Rembert,* 63 Ala. 561. It clearly appears that the property mortgaged was not sufficient to secure the debt, so that the plaintiffs lost nothing by the failure to levy upon it. We have held, that on such facts, the officer is not liable.—*Abbott v. Gillespy,* 75 Ala. 180; *Gay v. Burgess,* 59 Ala. 575; Sedgwick on Dam., § 634.

As regards the furniture and fixtures in the Twenty-first street house, the sheriff should have levied, unless at the time the plaintiffs' attachment was returned, the property was already under seizure by virtue of older attachments sufficient in amount to absorb the proceeds. But if the levies under the prior attachments had been discharged prior to the return of plaintiffs' attachment, then the mere fact of the existence of such prior attachments, or that they had at one time been levied, cannot excuse the failure to levy.—*Bell v. King,* 8 Port. 147.

We are of opinion that the value of the property levied upon was less than that ascertained by the court below and for which judgment was rendered, and that this appears with such certainty as to take the case without the influence of *Woodrow v. Hawving,* 105 Ala. 240.

Many exceptions were reserved by the appellants to the admission of evidence, but as they are not (with one exception) insisted upon in argument, we must decline to consider them. The single assignment argued relates to the admission of evidence that Stanley & Co. had not, prior to the sale by Johnson, taken out a license as retailers. We can not perceive the relevancy of this evidence. Our statutes prohibiting the sales of liquor without license have no application to such transactions.

The statute regulating the practice and procedure in civil cases in the circuit court of Jefferson, authorizes trials without the intervention of a jury, and when such trials are had, authorizes the conclusion and judgment of the court upon the evidence to be presented to this court for revision on appeal. And if in this respect this court finds there is error, authorizes a judgment of reversal or remandment to be rendered, or the rendition of such judgment as the trial court ought to have rendered.—Pamph. Acts, 1888-89, p. 800, § 7. Having reached the conclusion that the plaintiffs were not entitled to recover so large a sum as was

adjudged, to avoid protracting the litigation, we have carefully examined the evidence to ascertain for what sum judgment should have been rendered, with a view to the rendition of the proper judgment here. Without discussing the evidence in detail, and after giving precedence to the attachments levied before the attachment of the appellees was levied, and after ascertaining the value of the property on which the levies were made, we are of opinion, the appellees were not entitled at the time of the trial to recover a sum exceeding four hundred dollars, and for this sum with the interest thereon to this day, a judgment will be rendered against the appellants and their sureties on the *supersedeas* bond, together with the costs of suit in the court below. The appellees will pay two-thirds of the costs of appeal, and the appellants one-third thereof.

Reversed and rendered.