[Civil No. 1342.   Filed April 27, 1914.]

[140 Pac. 211.]

## T. W. OTIS, Appellant, v. WILLIAM I. NELSON, Appellee.

1. ATTACHMENT—CLAIM BY THIRD PERSON—STATUTORY PROCEEDINGS.—To authorize the statutory proceeding known as the trial of the right of property which is attached, etc., claimant must bring himself within the terms of the statute providing such remedy (Civ. Code 1901, pars. 4128–4152).

2. ATTACHMENT—CLAIM BY THIRD PERSON—BOND—SUFFICIENCY.—Civil Code of 1901, paragraph 4128, provides that, whenever any officer shall levy attachment upon personalty which is claimed by any person not a party to the writ, such person may make oath in writing before a proper officer that the claim is made in good faith, and present such oath to the officer making the levy, and paragraph 4129 requires such person to also execute and deliver to the levying officer his bond, with sureties, payable to the plaintiff in the writ, or double the value of the property claimed. Laws of 1909, chapter 11, section 1, provides that, whenever, "in any civil or criminal matter or proceeding," bond is required of any party thereto, instead of giving the bond, the party may deposit "with the court in which the matter or proceeding is pending" money in the sum required in the bond, which shall be accepted in lieu of the bond. *Held*, that a deposit could not be made under chapter 11 to take the place of the bond required by title 71, chapter 3.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Judgment vacated and cause dismissed.

The facts are stated in the opinion.

Mr. James Loy, for Appellant.

Mr. J. E. Russell, Mr. E. S. Clark and Mr. J. Ralph Tascher, for Appellee.

CUNNINGHAM, J.—The purpose of this action was to try the rights of property attached by the sheriff of Yavapai county by the command of a writ of attachment issued out of the superior court of said county in an action wherein T. W. Otis was plaintiff, and William Nelson was defendant. The writ of attachment was issued February 5, 1913, and, under the authority of said writ, on February 11, 1913, the sheriff levied upon certain personal property found at Nelson's wood camp at or near Prairie, in Yavapai county, as the property of the defendant in the writ. The sum claimed in the complaint and recited in the writ is $1,924.15.

William I. Nelson, son of the defendant in the writ, notified the sheriff of his claim of ownership of the property attached, and on February 12, 1913, he filed with the sheriff the following claim under oath:

"State of Arizona,
  County of Yavapai—ss.

"William I. Nelson, being first duly sworn, deposes and says that he is the owner of and claims as his property the following specifically described personal property levied upon and attached by Chas. C. Keeler, sheriff of Yavapai county, Arizona, on February 11th, 1913, in the case of T. W. Otis v. William Nelson: [Describing the property.] Deponent says that the above claim is made in good faith under the provisions of chapter 3, title 71, Revised Statutes of Arizona 1901."

The sheriff returned the writ of attachment with the sworn claim, and, as his return, certified as follows:

"I hereby certify that William I. Nelson claims as his property the following heretofore, on to wit, February 11th, 1913, duly levied upon and attached by me in the case of *T. W. Otis* v. *Wm. Nelson,* by virtue of the annexed writ of attachment: [Describing the property.] And said William I. Nelson, claimant of said property above described, did on the 12th day of February, 1913, deliver to me his oath in

writing and a cash bond in the sum of four thousand ($4,000.00) dollars, being double the amount of the property so claimed, as aforesaid, was assessed by me, which said oath and bond were in due form of law, and were given under the provisions of title 71, chapter 3, of the Revised Statutes of Arizona 1901, and which said cash bond was substituted for the statutory form of bond in such cases as provided in chapter 11, Session Laws of the Twenty-fifth Legislative Assembly of the territory of Arizona. I further certify that after receiving said oath and bond I did, on the 12th day of February, A. D. 1913, release from said attachment and turn over to said William I. Nelson all the property hereinbefore described.''

Upon filing of this return of the sheriff, with the annexed papers of claim, in the office of the clerk of the superior court of Yavapai county, the clerk docketed the cause in the name of T. W. Otis, as plaintiff, and William I. Nelson, the claimant, as defendant. Thereafter the court made an order fixing the date March 8, 1913, as the day for making up the issues for trial. On March 7, 1913, plaintiff filed his complaint setting forth the issuance of the writ of attachment, the levy of the attachment upon the personal property, describing the property, the fact that William I. Nelson made claim under oath that he was the owner of the property so attached, and alleges:

That the claimant ''gave his bond in the sum of $4,000, the same being a cash bond, to said sheriff, conditioned that said property would be forthcoming, and be returned to said sheriff, or his successors, in as good condition as he received it, and that he would pay the reasonable value of the use, hire, increase, and fruits thereof, from the date of said bond, or, in case he fails so to return said property, and pay for the use of the same, he would pay plaintiff the value of said property, which was assessed by the sheriff at $2,000, with legal interest thereon from the date of the bond in case he fails to establish his right and title to said property herein described.

''III.   That the said William I. Nelson is not the owner of said property nor any part thereof; that said property was at all times and now is the property of said William Nelson, the father of said William I. Nelson; that no transfer

of title or possession of the said property has ever passed from William Nelson to William I. Nelson; that, if any conveyance has ever been made by William Nelson to William I. Nelson, it is false, fraudulent, and without consideration, and done with the intent to hinder, delay, and defraud this plaintiff—all of which was well known to the said William I. Nelson.''

The claimant's tender of issue, filed the same day, alleges:

''That defendant is the owner of, in the possession of, and lawfully entitled to the possession of the following described personal property, to wit: [Describing the property under attachment.]

''III.   That defendant bases his title upon an actual and *bona fide* purchase of the said property from one William Nelson, which said purchase was made on or about the 10th day of January, 1913; that defendant has paid to said William Nelson a good and valuable consideration for said described property, and said consideration was equal to and was the reasonable value of said described property at the time of its purchase.

''IV.   Denies all the allegations of paragraph III of plaintiff's complaint or tender of issue.''

The trial of the cause, a jury sitting, was had on May 21, 1913, upon the issues as made by the said papers in the cause on file.   The plaintiff assumed the burden of proceeding.   At the close of the evidence, the court instructed the jury to return a verdict for the defendant, claimant.   Upon the coming in of such verdict, the court rendered judgment for the defendant in accordance with the verdict, and established the defendant's title to the property in question, and for costs. A motion for a new trial was made and denied.   From the judgment and from the order denying a new trial, the plaintiff has appealed.

The plaintiff assigns as error the instruction of the court directing a verdict; also, ''upon an appeal from a final judgment, the supreme court may review any intermediate order involving the merits and necessarily affecting the judgment.'' Paragraph 1230, Ariz. Civ. Code 1913.

Before the court is authorized to entertain the statutory proceeding known as the trial of the rights of property, the claimant of the property attached must bring himself within

the terms of the statute providing such remedy. The officer must have levied "a writ of execution, attachment, claim and delivery or other like writ upon . . . personal property, and such property, or any part thereof," must have been "claimed by a person who is not a party to such writ." "Such person, his agent or attorney, may make oath, in writing, before any officer authorized to administer oaths, that such claim is made in good faith, and present such oath in writing to the officer who made such levy." Paragraph 4128, Ariz. Rev. Stats. 1901. "He shall also execute and deliver to the officer who made such levy his bond, with two or more good and sufficient sureties, to be approved by such officer, payable to the plaintiff in such writ, for an amount equal to double the value of the property so claimed to be assessed by such officer." Paragraph 4129, Ariz. Rev. Stats. 1901.

The bond must be conditioned as required by paragraph 4130, Revised Statutes of Arizona of 1901. Whereupon "it shall be the duty of the officer receiving such oath and bond to deliver the property so claimed to the person so claiming it." Paragraph 4131, Ariz. Rev. Stats. 1901.

"When personal property is attached the same shall remain in the hands of the officer attaching until final judgment, unless a claim be made thereto and bond be given to try the right to the same, or unless," etc. Paragraph 347, Ariz. Rev. Stats. 1901.

"Whenever any person shall claim property and shall make the oath and give bond, as provided for in this title (title 71), if the writ under which such levy was made was issued by any . . . court of the county where such levy was made, the sheriff or other officer receiving such oath and bond shall indorse on the writ that such claim has been made and oath and bond given, stating by whom, and shall indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the proper justice or court having jurisdiction to try such claim, as hereinafter provided." Paragraph 4132, Ariz. Rev. Stats. 1901.

Paragraph 4133, Revised Statutes of Arizona of 1901, prescribes the form of the bond, and paragraph 4134 provides that: "Any other form of bond which shall substantially comply with the requirements of the preceding section [paragraph 4133 (section 30)] shall be sufficient."

Paragraph 4136, Revised Statutes of Arizona of 1901, provides: "The sheriff or other officer taking said bond shall also indorse on the original writ that such claim has been made and oath and bond given, stating by whom, the names of the sureties, and to what justice or court the bond has been returned and he shall forthwith return such original writ to the justice or court from which it is issued."

Paragraph 4138, Revised Statutes of Arizona of 1901, provides: "Whenever any oath and bond, for the trial of the right of property, shall be returned as provided in this title, it shall be the duty of the clerk of the court, . . . to docket the same in the name of the plaintiff in the writ, as the plaintiff, and the claimant of the property as defendant."

Paragraph 4139, Revised Statutes of Arizona of 1901, requires the court to set a time for forming the issues for trial, and paragraph 4140, Id., specifies of what the issues shall consist, viz.: "A brief statement of the authority and right by which the plaintiff seeks to subject the property levied on to his execution [attachment] and of the nature of the claim of defendant thereto."

In this case the claimant in his tender of issue makes no pretense, in stating the nature of his claim to the property, that he has furnished any bond to the sheriff, and perhaps he is not required to so state. The plaintiff in the case, in his statement of the authority and right by which he seeks to subject the property levied on to his attachment, alleges that the property belongs to the defendant, William Nelson; that a writ of attachment was levied, at plaintiff's instance, thereon; and that claimant has made a sworn claim thereto, and, in lieu of a bond, has placed $4,000 cash in the hands of the sheriff. These facts are established by the sheriff's return of the matter.

The trial coming on on May 21, 1913, the plaintiff assumed the burden of procedure, and, in support of his cause, offered the oral evidence of the sheriff; to which offer the claimant objected, because the evidence, being oral, was not the best evidence; that the return of the sheriff was the best evidence of his acts in the premises; and a further objection was interposed to the taking of any evidence by the plaintiff, for the reason "that issue tendered by the plaintiff is wholly insufficient in law." An exception was reserved by the claimant,

but no ruling appears upon the objections. To obviate these objections, plaintiff introduced the sheriff's return, with said exhibits.

If an oath *and a bond* are not required by chapter 3 of title 71 in order to authorize the trial court to entertain this proceeding, then plaintiff's tender of issue and proof, consisting of the sheriff's said return, is conclusive upon plaintiff, and he has failed to maintain the allegations of his authority and right to subject the property to his attachment. He has failed to show by evidence that a bond has been given as alleged by him, and he has failed to show title or possession in the attachment defendant at the time of the levy. If such oath and bond are required of claimant, in order to give the trial court authority to entertain this matter, then plaintiff's tender of issue and proof is conclusive upon the rights of the defendant to a trial of his claim—a trial of the rights of property given him by the statute. The claimant has failed to bring himself within the terms of chapter 3 of title 71.

The claimant must rely upon the cash deposit mentioned in plaintiff's tender of issue and in the sheriff's certificate of return, as a sufficient compliance with the statute, else he would not be here contending that the judgment is valid. The sheriff certifies that the claimant delivered to him his claim under oath in writing "and a cash bond in the sum of four thousand dollars, being double the amount of the property so claimed as aforesaid was assessed by me . . . and which said cash bond was substituted for the statutory form of bond in such cases as provided in chapter 11, Session Laws of the Twenty-fifth Legislative Assembly of the territory of Arizona." What was the condition of this "cash bond"? The conditions must have been the conditions of the statutory form of bond for which the cash bond was substituted. Chapter 11 of the Laws of 1909 provides what bonds may be furnished by a deposit of cash in lieu of the form of written bond, as follows, to wit:

"Section 1. That wherever in the statutes of the territory of Arizona and amendments thereto, in *any civil* or *criminal matter,* or *proceeding,* bond is required of any party thereto, instead of giving such bond the said party may deposit with *the court in which the matter or proceeding is pending,* lawful

money of the United States in the sum required in the bond, and the same shall be accepted in lieu of such bond.''

It is clear that the making of a sworn claim to attached property by one who is not a party to the attachment suit is not either a civil or criminal matter or proceeding. Neither is the leaving of money with the sheriff, under such circumstances as shown by the sheriff's certificate, a ''deposit with the court in which the matter or proceeding is pending.'' The sheriff is not a court in any sense of the word. Neither for the purpose of receiving a deposit of cash in lieu of a bond, nor is a matter of claim filed with the sheriff looking to a trial of the right of attached property a matter pending in court. Such matter is not pending in court until the sheriff has attached the property, received the claim under the oath of the claimant that his claim is *bona fide,* and has received and approved the bond of the claimant in form substantially complying with the requirements of paragraph 4133, Revised Statutes of Arizona of 1901, and files and returns such sworn claim and bond with the assessed value of the property indorsed on the bond with the original writ. ''Whereupon the oath and bond for the trial of the right of property shall be returned as provided in this title''; then the clerk shall docket the cause, and the matter is pending in the court to which the oath and bond are returned, but not before. Chapter 11 of the Laws of 1909 has no application to bonds that a claimant of personal property which has been attached is required by title 71 to give the sheriff in order to initiate the right to try the rights of property provided by chapter 3 of said title 71.

The plaintiff alleged that the claimant furnished to the sheriff a cash bond, and sets forth the conditions of that bond. The conditions are, to all intents and purposes, the conditions required to be incorporated in bonds of claimants of property attached, but such allegations, in the first place, were unnecessary to plaintiff's tender of issue, and are surplusage, and in the second place these allegations setting forth the conditions of the bond were not sustained by plaintiff's evidence—viz., the sheriff's return and certificate—and the claimant objected to other proof of any facts. It must be conceded that the claimant furnished to the sheriff no bond payable to the plaintiff in the writ, and for that reason, the fact appearing to the

court, the court had no matter before it for adjudication. The cause was improperly upon the docket. In order that the court have jurisdiction to try the right of property attached, the matter must be presented to the court by means of the oath in writing of the claimant that such claim is made in good faith, and accompany such claim with a bond for an amount equal to double the value of the property so claimed, and the bond must be payable to the plaintiff in the writ of attachment. After receipt of such claim and approval of such bond, they, with the writ of attachment, must be returned to the proper court. Thereupon the court may try the right of property, but under no other circumstances. The claimant must bring himself within the statute by doing the things required by the statute before he asserts his title to the property in such manner as to call forth the jurisdiction of the court in such statutory proceeding, known to our law as the trial of the right of property. *Hall & Brown etc. Co.* v. *Haley etc. Co.,* 174 Ala. 190, 56 South. 726; *Carter* v. *Carter,* 36 Tex. 693; *Graham* v. *Hughes,* 77 Ala. 590; *Mobile L. Ins. Co.* v. *Teague,* 78 Ala. 147; *Walker* v. *Ivey,* 74 Ala. 475; *House* v. *West,* 108 Ala. 355, 19 South. 913.

Without authority to proceed further with the trial of the right of property, the court should have dismissed the jury, and the cause as well. The court erred in directing a verdict for that reason. The judgment is contrary to law, because the lower court had no matter before it of which it had jurisdiction to try—other than dismiss. The lower court having acquired no jurisdiction of the subject, the appeal gives this court no jurisdiction other than to order the judgment vacated, and the matter dismissed.

The judgment appealed from is vacated, the cause remanded to the lower court, with instructions to that court to dismiss the proceedings.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.